# Atherton, Appellant, *v.* Clearview Coal Co.

*Practice, C. P. — Statement of claim — Amended statement— Pleading.*

1. Where an amended statement of claim is filed by leave of court, it is virtually a withdrawal of the first, except where the new statement changes the cause of action.

*Mines and mining—Injuries to property—Release of damages— Deed—Reservation and exception—Absence of ambiguity—Public policy—Personal rights—Constitution—Statement of claim—Practice, C. P.—Act of May 14, 1915, P. L. 483.*

2. In an action of trespass against a coal company to recover damages for injuries to property, it appeared that plaintiff and defendant claimed their respective titles from a common source, and that the deed to plaintiff contained this provision: "Excepting and reserving, however, unto the said parties of the first part by such legal terms as shall be sufficient in law, all coal and minerals beneath the surface of said lot, with the sole right to mine and remove the same by any subterranean process, without liability under any circumstances whatever for damages done to the surface of said lot or to the improvements now erected or hereafter to be erected thereon." Plaintiff in the statement of claim averred injuries from failure to support the surface. By leave of court an amended statement was filed in which the plaintiff

eliminated all reference to surface support and averred that on two dates, specifically stated, "defendant, while engaged in mining its coal under the land of plaintiff and land adjacent thereto, by its officers, agents and employees, negligently and carelessly used and employed, discharged, and fired large quantities of dynamite and other high explosives, in blasting, thereby causing concussions which broke, cracked, disturbed and damaged the land and buildings, and the foundation wall, walls, roofs, floors, chimneys, windows, doors, steps, porches, plaster, painting, wall paper, gas, water, steam pipes, furnace, sidewalks, and retaining walls," and further specifically stated the amount of damages claimed, for such injuries, and no others. *Held,*

(a) That the amended statement effected a withdrawal of the original statement and eliminated all question of surface support;

(b) That the amended statement sufficiently conformed to the Practice Act of May 14, 1915, P. L. 483, inasmuch as it concisely and in summary form stated the material facts on which plaintiff relied, and only such facts as would put defendant upon notice of what it would be called upon to meet in preparing its defense; and specified the times of the occurrence complained of, what the negligence consisted in, and the specific damages that resulted.

(c) That the only negligence averred, to which the injuries complained of could be referred as the antecedent and proximate cause, was the careless and negligent use, in conducting mining operations, of large quantities of dynamite and other high explosives in blasting.

(d) That, with plaintiff's cause of action based on negligence thus defined, defendant was not liable for the injuries alleged, but was exempt therefrom under the exception and reservation contained in plaintiff's deed.

(e) That the reservation did not contravene public policy, especially as it did not involve personal rights protected by the Constitution.

3. If the statement of claim had averred that defendant had wilfully or wantonly used an excessive quantity of high explosives in order to obtain the coal, and by reason of such excessive use plaintiff's property was injured, or if it had averred that the quantity of high explosives which defendant used was so excessive that it knew or was bound to know before exploding them that unnecessary injury would be inflicted on plaintiff's property, and sought recovery for such unnecessary injury, the statement would charge an actionable offense, notwithstanding the release.

4. The language employed in the reservation in question is not of doubtful import, and to give it a less comprehensive meaning than the words employed clearly express, extraneous facts and cir-

cumstances would have to be resorted to, even to raise a suspicion that something less was intended.

5. A writing in which only words of definite and precise meaning, as commonly understood, are used, free from ambiguity, is always its own best interpreter, since the language used discloses and reveals the intention, objects and purpose of the parties to it.

6. A deed containing an exception or reservation against liability for injury to property from the mining of coal, without any exemption from liability for negligence resulting in loss of life or permanent physical disability to the person, offends against no statute and contravenes no rule of public policy.

Argued February 24, 1920. Appeal, No. 248, Jan. T., 1920, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1918, No. 177, for defendant, on affidavit of defense raising question of law only, in case of Phœbe Atherton v. Clearview Coal Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for injuries to property alleged to have resulted from the negligent mining of coal. Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant on affidavit of defense raising question of law only. Plaintiff appealed.

*Error assigned* was judgment of court.

*Thomas P. Duffy,* with him *James D. Jordan,* for appellant.—Blasting dynamite and other high explosives has been held to be negligence in Weller v. Davis, 245 Pa. 280; Rafferty v. Davis, 260 Pa. 563; Fisher v. Ruch, 12 Pa. Superior Ct. 240.

*Cornelius Comegys,* for appellee.—This case is squarely ruled by Madden v. Lehigh Valley Coal Co., 212 Pa. 63.

OPINION BY MR. JUSTICE STEWART, May 26, 1920:

This was an action to recover for negligence in the mining of coal, the property of the defendant company, underlying the surface of a lot of ground situate in the City of Scranton, the property of the plaintiff. To the statement of the cause of action filed by the plaintiff an affidavit of defense was filed which in legal effect was a demurrer to the statement. Upon hearing the court sustained the demurrer, entering no judgment however, but giving the plaintiff the right, within thirty days thereafter to file a new or amended statement. Within the required time such new or amended statement was filed, to which an affidavit of defense was filed of like effect as that filed to the original statement. No exception was taken to the action of the court sustaining the demurrer to the original statement, and whether it was proper or otherwise is a matter of no concern at present. The effect of this ruling was to leave the plaintiff's cause of action without anything to rest upon except the complaint that through defendant's negligence in mining she was injured through loss of lateral support for her surface, and that, except as the plaintiff took advantage of the leave given her to file a new or amended statement, she could recover nothing in the action. She filed such statement eliminating therefrom every reference contained in the first statement to the loss of surface support—which we are compelled to think was there introduced not as the proximate cause of her injury but so that evidence of the same might be introduced to support her claim, and perhaps increase the amount claimed for her damages. However this may be, the record shows no objection made to the change in the statement in the respect indicated. "Where an amended declaration is filed by leave of court, it is virtually a withdrawal of the first": Kay v. Fredrigal, 3 Pa. 221. This is the rule except where the new statement changes the cause of action, and there is no such complaint here.

All we need inquire into, therefore, is whether the amended statement sets out sufficient cause of action.

An important fact necessarily entering into a proper consideration of the case is—that in the first statement, and repeated in the second—the distinct avowal that plaintiff and defendant claim their respective titles from a common source, and that the deed to the plaintiff for the surface of the lot contains the following provision: "Excepting and reserving, however, unto the said parties of the first part by such legal terms as shall be sufficient in law, all coal and minerals beneath the surface of said lot, with the sole right to mine and remove the same by any subterranean process, without liability under any circumstances whatever for damages done to the surface of said lot or to the improvements now erected or hereafter to be erected thereupon." From this fact, taken in connection with several other averments in the first statement, not necessary here to repeat, it is apparent that the court below assumed the action was brought to recover damages claimed for defendant's failure in its mining operations to provide vertical and lateral support for the plaintiff's surface. Holding to the view that the plaintiff's claim for failing to provide vertical support was wiped out by the clause in her deed, above recited, the court sustained defendant's exception, but added in the opinion filed as follows: "As the claim of lateral support is at least an open question, plaintiff is entitled to an opportunity to prepare a statement that will stand the test of good pleading. Now, March 17, 1919, the affidavit of defense raising questions of law is sustained, and the plaintiff is allowed thirty days in which to file a new or amended statement." Notwithstanding this distinct ruling, resting the case exclusively and entirely upon the question of vertical and lateral support, and ignoring without reason given, all other matters of complaint, this occurs in the earlier part of the opinion of the learned judge: "Plaintiff charges defendant with negligently and carelessly min-

ing under the land of the plaintiff and land adjacent thereto, the negligence consisting in the excessive use of dynamite and other high explosives, thereby causing great damage to plaintiff's land and the buildings erected thereon." While it does appear in the first statement filed that plaintiff complained that defendant, in mining and removing all its coal from under its land and adjoining land, did not use ordinary precaution to prevent injury to the property of the plaintiff, in that it did not leave pillars of coal properly distributed and columnized under its land and adjoining land, yet no special damages are anywhere claimed for such failure, and it is quite apparent that the injuries specifically set out and for which damages are specifically claimed could not have been occasioned by or have resulted from any failure of support of the surface as a proximate cause, however much these may have been increased in consequence of conditions produced thereby. And, furthermore, this failure to support the surface, which is found in the first statement, irrelevant as we think it was, was entirely eliminated from the second statement, and the only negligence there charged was that, "On the 20th day of January, 1916, and about the middle of the month of April, 1916, defendant, while engaged in mining its coal under the land of the plaintiff and land adjacent thereto, by its officers, agents, and employees, negligently and carelessly used and employed, discharged, and fired large quantities of dynamite and other high explosives in blasting, thereby causing concussions which broke, cracked, disturbed, and damaged the land and the buildings and the foundation wall, walls, roofs, floors, chimneys, windows, doors, steps, porches, plaster, painting, wall paper, gas, water, steam pipes, furnace, sidewalks, and retaining walls." Further on the statement specifically sets out the amount of damages claimed for each of said enumerated injuries, aggregating the sum of $5,000, no claim being there made for other damages

than those specified. Under the pleadings as we have here given them, the statement of cause of action was demurred to on two grounds, first, want of conformity to the requirements of the Practice Act of 1915, and, second, the exception or reservation contained in plaintiff's deed, which reserved to those under whom the defendant claims the right to mine and remove all coal and minerals beneath the surface of the said lot, the right to mine and remove the same by any subterranean process without liability under any circumstances whatever for damages done to the surface of said lot or the improvements erected thereupon, all of which was also averred. The record discloses nothing from which it can be inferred that the first of these was considered or entered into the determination of the case. If it was considered, and it stood as the sole ground upon which the judgment was made to rest, we should feel compelled to disapprove. The statement, as we think, meets every requirement of the Practice Act; it is concise, and in summary form it states the material facts on which the plaintiff relied, and only such facts as would put the defendant upon notice of what it would be called upon to meet in preparing its defense; it specifies the times of the occurrences complained of, what the negligence consisted in, and the specific damages that resulted.

It is unnecessary to state at greater length our reasons for dissent from the conclusion reached by the court with respect to this first ground of demurrer in view of the conclusion we are about to express touching the second question raised by the demurrer, that is, the legal effect of the exception and reservation in plaintiff's deed upon her right of action. To determine the applicability here of the exception and reservation contained in the deed, further reference must be made to the statement of plaintiff's cause of action, if only to repeat. Whether the reference be to the first or second statement filed, it is unquestionable that the only negligence averred to which the injuries complained of could be

referred as the antecedent and proximate cause, was the careless and negligent use in conducting the defendant's mining operations of large quantities of dynamite and other high explosives in blasting. No subsidence of the surface of plaintiff's land is anywhere alleged; nothing is alleged to have been cast upon the surface; all the injuries complained of and for which damages are sought are attributed to violent explosions producing violent concussion and vibrations of air. With plaintiff's cause of action based on negligence thus defined, does the exception and reservation in the deed exempt from liability therefor? The court was of opinion that such was its legal effect and accordingly gave judgment for the defendant from which plaintiff has appealed.

Where controversies of this nature arise touching the interpretation of a writing, the first inquiry must always be to ascertain the intention of the parties with respect to the matter in dispute, and the first recourse must be to ascertain this from the writing itself. A writing in which only words of definite and precise meaning, as commonly understood, are used, free from ambiguity, is always its own best interpreter, since the language used best discloses and reveals the intention, object, and purpose of the parties to it. The language employed in this reservation is not of doubtful import and to give it a less comprehensive meaning than the words employed clearly express, extraneous facts and circumstances would have to be resorted to even to raise a suspicion that something less was intended. We find nothing in the situation of the parties that would justify us in giving to the language used any other interpretation of the contract than that which the language clearly imports. What the parties had in contemplation and what they were providing for was the mining of coal underlying what is now plaintiff's property, an operation always attended with damages in a greater or less degree, especially the former in this particular case since neither grant nor reservation has imposed any duty on

defendant to protect in any way or save harmless from mining operations the surface above. What was reserved was the right to mine and remove all the coal underlying, without liability, under any circumstances, for any damage to the surface of said lot or to the improvements now erected or thereafter to be erected thereupon. It would be difficult to employ language more general and embracing than that here employed; it excepts nothing expressly, nor does it by implication, unless it be wanton or wilful damage, and that is not pretended here.

If we correctly understand the contention of appellant's counsel, it is that, inasmuch as the exception or reservation was in legal effect a contract for exemption from liability for damages that might thereafter be sustained by the one party and occasioned solely through the negligence of the other, it is illegal and therefore unenforceable in that it contravenes public policy. A sufficient answer to this is that while it is true that negligence is the basis of the plaintiff's action, it is negligence which is claimed to have occasioned damages to the plaintiff's property, and it is for the recovery of only such damages that plaintiff's action was brought. Were it a contract to exempt from liability for damages where the negligence resulted in loss of life or permanent physical disability of the person, much might be said in support of the contention that it was against public policy. But that question is not before us. We merely remark upon it to show a distinction that might be urged between prospective negligence as the subject of contract for release of damages when it relates to property over which the party has exclusive control, even jus disponendi, and the right to' deal with it according to his own pleasure, save that he may not employ it to the injury of his neighbor, and negligence charged as an invasion or interference with those sacred and inherent personal rights which are declared in our bill of rights to be indefeasible, that is, be-

yond the right or power of the individual to destroy or alienate. Without enlarging further on this thought it is enough to know that in the present case the liability contracted against was for injury in which no one could have had any concern except the parties to the contract, and that it offends against no statute and contravenes no rule of public policy. It follows that the court below was warranted in its conclusions with respect to the governing questions involved.

The assignments of error are overruled and the judgment is accordingly affirmed.

CONCURRING OPINION BY MR. JUSTICE SIMPSON:

If the statement of claim in this case had averred defendant wilfully or wantonly used an excessive quantity of high explosives in order to obtain the coal, and by reason of such excessive use, plaintiff's property was injured, or if it had averred the quantity of high explosives which defendant used was so excessive it knew or was bound to know before exploding them that unnecessary injury would be inflicted on plaintiff's property, and sought recovery for such unnecessary injury, in my judgment the statement would charge an actionable offense notwithstanding the release. No such averments appear, however, and hence I concur in the affirmance of the judgment.

Mr. Justice KEPHART joins herein.