281 A.2d 303.

ELENA ZITO *vs.* EVELYN CASSARA.

SEPTEMBER 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This cause is before us on the plaintiff's appeal from a judgment entered in the Superior Court granting the defendant's Super. R. Civ. P. 56(b) motion for summary judgment.

Since the only complaint considered by the trial justice was plaintiff's second amended complaint,[1] our brief recita-

---

[1] *See* Super. R. Civ. P. 15(a) which provides:

"Amendments shall be embodied in a fair copy of the whole paper as amended, which shall be substituted for the original unless otherwise ordered by the court. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended

tion of plaintiff's contentions is limited to that document and plaintiff's supporting affidavit. The plaintiff's suit was precipitated by her dismissal from employment with the Rhode Island Hospital. The defendant was the plaintiff's supervisor at the hospital, having the power to hire and fire employees with the approval of the hospital. The plaintiff's complaint alleged certain misrepresentations by defendant, and that defendant's actions were based on malice and hatred toward plaintiff. The defendant thereafter filed a motion for summary judgment in accordance with Rule 56(b) along with supporting affidavits. After a hearing before a justice of the Superior Court, defendant's motion was granted, and judgment was entered accordingly.

In her appeal plaintiff argues that the trial justice erred in granting summary judgment, in that he limited his consideration to a possible claim for libel or slander. The plaintiff states that she has no objection to the trial justice's finding that the record failed to disclose a claim for libel or slander, but she contends that a prima facie case was presented based on defendant's tortious interference with plaintiff's advantageous contractual relationship with the hospital.

We affirm the ruling of the trial justice. Since plaintiff has no objection to the libel and slander aspect of the action, we shall treat the trial justice's finding on libel or slander as final. Under the peculiar circumstances of this case, we do not reach consideration of plaintiff's tortious interference claim, since plaintiff's counsel specifically ad-

---

pleading, whichever period may be the longer, unless the court otherwise orders."

As Professor Kent so clearly points out:

"An amended pleading is a substitute for the original and supersedes it; the original no longer performs any function in the case. No pleading nor motion need be or should be directed to it." 1 Kent, *R. I. Civ. Prac.* §15.7 at 154 (1969).

mitted at the hearing that the complaint was not brought based on tortious interference, but was limited to libel or slander. When the trial justice reaffirmed this fact, no objection was made by counsel. During oral arguments, the following colloquy took place between the court and plaintiff's counsel.

"  *  *  *  it does not appear to me that the plaintiff has a cause of action, either in slander nor libel.

"Accordingly, the defendant's motion for summary judgment is granted.  *  *  *

"To protect your rights, Mr. Attilli, it will be noted in the record that the plaintiff takes an objection or an exception to this ruling.  *  *  *
*  *  *

"Mr. Attilli. One question, Your Honor. Suppose we state a cause of action on another theory of law? *Suppose we filed an amended complaint on a different theory of law? Malicious interference with the job?* (Emphasis supplied.)

"The Court. All I'm passing upon today is, what's before me, which is slander and libel. On that basis, as I say, I find no cause of action  *  *  *."

It is clear from the record that the issue of tortious interference was not raised in, or passed upon, in the proceedings in the Superior Court. Therefore, plaintiff cannot now assert here for the first time that this was an action for tortious interference with her contractual relationship with the hospital. The only issues entitled to review in this court are those properly raised in the proceedings below. An issue which was not before the trial justice is not properly before us on appeal and will not be considered. *Spouting Rock Beach Ass'n* v. *Garcia,* 104 R. I. 451, 244 A.2d 871.

The plaintiff's appeal is denied and dismissed and the summary judgment for the defendant is affirmed.

*Matthew J. Zito, Samuel A. Olevson,* for plaintiff.

*Edwards & Angell, Paul F. Greene,* for defendant.