DiPASQUALE CONSTRUCTION CORPORATION *v.*
WOLFGANG ZINNERT ET AL.
(5649)

DUPONT, C. J., BIELUCH and FOTI, Js.

Argued January 13—decision released April 5, 1988

*David M. Reilly,* for the appellants (defendants).

*Vincent T. McManus, Jr.,* for the appellee (plaintiff).

FOTI, J. The defendants appeal from the judgment of the trial court granting the plaintiff's motion for a disciplinary nonsuit of the defendants' counterclaim because they did not file a substitute pleading after one count of their counterclaim and five special defenses were stricken pursuant to Practice Book § 157.[1] The sole issue on appeal is whether Practice Book § 157 requires that a party file a substitute pleading when less than the entire pleading has been stricken. We hold that it does not.

The facts relevant to this appeal are not in dispute. The plaintiff filed a two count complaint alleging breach of contract for the sale of real property. The defendants filed an answer with five special defenses and a

---

[1] Practice Book § 157 provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

counterclaim in two counts. The plaintiff moved to strike the first count of the counterclaim and each of the five special defenses. The court granted the plaintiff's motion to strike because the defendants failed to file a memorandum of law in opposition to the motion, as prescribed by Practice Book § 155. See *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986).

The plaintiff subsequently moved for default on the grounds that the defendants "failed to file their subsequent pleading in compliance with the court's order"[2] and "for their failure to plead within such times as provided under Connecticut Rules of Practice." The defendants filed an objection to the motion for default claiming the rules of practice do not require repleading when only a portion of a pleading is stricken. The defendants then filed a motion to reargue the default and a motion to reargue the original motion to strike.

In a one page memorandum of decision, the court interpreted the motion to reargue the default as a "motion to open and set aside its order of default." The court stated that it would consider the motion to set aside if the defendant filed an amended answer without the special defenses. The court denied the defendant's motion to reargue the motion to strike. The defendant did not replead.

The plaintiff then moved for default and nonsuit because the defendants failed to plead over after the motion to strike had been granted.[3] The court granted the motion for "nonsuit on the counterclaim."

---

[2] The plaintiff's motion for a default, granted by the court, asserted that the court, in granting the plaintiff's motion to strike, ordered the defendants to file a subsequent pleading. The plaintiff has reiterated this assertion in its appellate brief, claiming that the defendants were ordered to file a substitute pleading. The original order striking portions of the counterclaim, however, does not include an order requiring the defendant to replead.

[3] The proper procedure, when the trial court has granted a motion to strike an entire pleading and the party whose pleading has been stricken fails

The defendants contend that our rules of practice and case law allow a party to stand on that portion of its pleadings that remains after a portion has been stricken. In particular, the defendants contend that our rules of practice, which interpret repleading as wholly eliminating the original pleadings, force a party either to stand on his original pleadings and appeal adverse rulings after final disposition, or lose the right to challenge those rulings forever by repleading.[4]

The defendants correctly point out that when a court grants a motion to strike an entire pleading the losing party may take one of two courses of action. He may amend his pleadings, or he may stand on his original pleadings, allow judgment to be rendered and appeal. *Royce* v. *Westport,* 183 Conn. 177, 178, 439 A.2d 298 (1981). The filing of the amended pleading is a withdrawal of the original. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 554, 227 A.2d 418 (1967). If a party chooses to amend its pleadings, then challenges to the rulings made on those original pleadings are wholly foreclosed. *Good Humor Corporation* v. *Ricciuti,* 160 Conn. 133, 135–36, 273 A.2d 866 (1970); cf. *Nowak*

to file a new pleading within fifteen days is for either party to move for judgment on the stricken complaint, counterclaim or cross complaint. Practice Book § 157. A motion for default or nonsuit is not a proper motion.

[4] Our rules of practice provide for an interlocutory appeal when less than an entire complaint, counterclaim or cross complaint is dismissed or stricken: "When more than one count is presented in a complaint, counterclaim or cross complaint, and not all of the counts of such pleading have been dismissed or stricken, the trial court may upon motion direct the entry of a judgment only upon those dismissed or stricken counts which are directed against a party against whom no relief is sought in the remaining counts. When more than one count is presented in a complaint, counterclaim or cross complaint, and a summary judgment has not been granted on all the counts of such complaint, counterclaim or cross complaint, a summary judgment upon only those counts which are directed against a party against whom no relief is sought in the remaining counts of the complaint, counterclaim or cross complaint shall constitute a final judgment." Practice Book § 4002 (c).

v. *Nowak,* 175 Conn. 112, 394 A.2d 716 (1978) (exception for special defenses). If an entire pleading is stricken and no substitute pleading is filed, upon motion the court may render judgment. Practice Book § 157. This is an appealable final judgment. *Norwich* v. *Silverberg,* 200 Conn. 367, 369 n.3, 511 A.2d 336 (1986); *Breen* v. *Phelps,* 186 Conn. 86, 439 A.2d 1066 (1982).

In this case, the court only struck a portion of the defendants' counterclaim, leaving in place the second count. Under such circumstances, the losing party is under no obligation to file a substitute pleading but may stand on what remains of his original pleadings. Practice Book § 157. It would, indeed, be ironic to require a party, who has had portions of his pleadings stricken, to replead when our Supreme Court has concluded that the act of repleading substitutes the new pleadings for the original and forecloses the right to appeal the decision to strike. *Royce* v. *Westport,* supra. The defendants, therefore, should have been permitted to stand on the remaining count of their counterclaim.

There is error, the judgment of nonsuit is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.