[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OMNIBUS MOTION TO DISMISS AND TO STRIKE
In its complaint the plaintiff alleges the following facts. The defendant Bernard J. Rosenshein was at all times relevant the owner of BJR Construction Corporation, Rosenshein Associates and Conduit of Stratford Square, Inc. (hereinafter "BJR"), which have all been named as defendants to this action. On March 31, 1986, the plaintiff Sylvia Construction Company ("Sylvia") entered into a sub-contract with the defendant BJR to excavate a parcel of land owned by the defendant for a price of $600,000.00. In May, 1986, plaintiff Sylvia entered into another sub-contract with defendant BJR to CT Page 441 install all the concrete work on the parcel for $375,000.00.
Plaintiff alleges that it applied for progress payments in accordance with the terms of the contract, but defendant refused to pay the amount owed. On August 29, 1986, the plaintiff gave notice to the defendant BJR, pursuant to both sub-contracts, that it was stopping work due to defendant's failure to pay.
The sub-contract between plaintiff and defendant contains clause 14.1 which states:
 All, claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or breach thereof, shall be decided by arbitration in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor. . . .
In its complaint plaintiff alleges that it contacted the defendant's attorney by letter in order to obtain a copy of Contract Documents between the owner and the contractor to determine what procedures were necessary in order to pursue arbitration. Plaintiff further alleges that defendant responded by refusing to permit arbitration of this matter and have thereby waived all rights under Article 14 of the subcontracts.
Plaintiff then proceeded with this action; plaintiff has amended his complaint several times and defendant has answered and counterclaimed. Plaintiff filed a revised amended complaint on October 2, 1990, thus withdrawing the previous complaint. DiPasquale Construction Corporation v. Zinnert,14 Conn. App. 63, 66-67 (1988).
Subsequently, on November 6, 1990, a different attorney filed an appearance on behalf of the defendants and on the same day filed an "omnibus motion to dismiss and to strike" along with a memorandum in support, which is presently before the court. Plaintiff has filed a memorandum in opposition to defendant's motion along with copies of the letters regarding arbitration which were allegedly exchanged between plaintiff and defendant's attorney.
DISCUSSION
As a threshold matter, it is noted that an "omnibus motion to dismiss and to strike" is not recognized by the Connecticut Practice Book rules. However, Connecticut Practice CT Page 442 Book section 146 (rev'd to 1978, as updated, October 1, 1990), states: "whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Therefore, because defendant's motion to dismiss does attack the subject matter jurisdiction of this action, and there has been no objection to hearing the motions together, the merits of both motions will be discussed herein.
I. Motion to Dismiss
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Board, 195 Conn. 682, 687 (1985). "Whenever the absence of jurisdiction is brought to the notice of the court. . . cognizance of it must be taken and the matter passed upon before it `can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction.'" Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245
(1989).
The defendant brings this motion to dismiss, claiming that because there is an arbitration clause in the sub-contract in question, the court does not have jurisdiction of this matter. "`(I)f a party's right to bring suit is validly conditioned on an award of arbitrators or appraisers. . ., the courts will not take jurisdiction of his suit until he has complied with the condition precedent. . . ." (Citation omitted). Conte v. Weston, 26 Conn. Sup. 41, 43
(1965). As stated in Waterbury Teachers Association v. Waterbury, 164 Conn. 426, 435 (1973), an arbitration clause may be waived:
 It is, or (sic) course, true that an arbitration clause may be waived by the parties or by the one entitled to its benefit. . . . Thus, unjustifiable delay in seeking arbitration may warrant a finding of waiver. . . . The same result follows from the going to trial without insisting upon the arbitration condition.
Quoting Batter Building Materials Company v. Kirschner,142 Conn. 1, 11 (1954).
The Court finds that the defendant has waived the right to arbitration in this case by expressly refusing to submit to arbitration and by engaging without protest in litigation of this civil action up until the present moment, including answering previous complaints, counterclaiming and CT Page 443 conducting discovery.
The motion to dismiss is denied.
II. Motion to Strike
Defendant contends that plaintiff's fourth count fails to allege sufficient facts to state a cause of action for misrepresentation.
 The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment. (Citation omitted).
Dorsey v. Mancuso, 23 Conn. App. 629, 633 (1990).
In its amended complaint plaintiff alleges that defendant told plaintiff that he would make payments knowing that this statement was not true, that the defendant made these statements in order to induce the plaintiff to remain on the job, that as a result of these false statements, plaintiff remained on the job and has suffered significant economic detriment as a result.
The plaintiff has alleged sufficient facts to support his claim of misrepresentation. Therefore, the defendant's motion to strike the fourth count is denied.
Defendant further contends that plaintiff's CUTPA claim (count five) is insufficient in that it fails to allege sufficient facts and that the relationship between the plaintiff and the defendant lacks a public nexus.
As to the sufficiency of the claim, Connecticut General Statutes section 42-110b(a) (rev'd to 1989) states, "(n)o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
 In determining whether the practice in question violates CUTPA, courts employ the following criteria: "`(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been CT Page 444 established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .'" (Citations omitted).
Sanghavi v. Paul Revere Life Insurance Company, 214 Conn. 303,311-12 (1990). It is not necessary that all three criteria be satisfied. Atlantic Richfield Company v. Canaan Oil Company,202 Conn. 234, 242 (1987).
In its amended complaint plaintiff alleges that "through their breach of contract and fraudulent misrepresentations" defendant has violated CUTPA. Because plaintiff incorporated, into this count, the previous paragraphs which allege misrepresentation, the plaintiff has sufficiently alleged facts to support a cause of action under CUTPA.
As to defendant's contention that a public nexus is required, "(t)he public interest requirement of a private action under CUTPA was. . . eliminated by the legislature." Rotophone, Inc. v. Danbury Hospital, 13 Conn. App. 230, 233
(1988). Therefore, a public nexus is not required. The defendant's motion to strike the fifth count of plaintiff's amended complaint is denied.
ALEXROD, J.