611 A.2d 1191

**Richard REICHERT, an individual and Jean Reichert, his wife**

v.

**TRW, INC., CUTTING TOOLS DIVISION, Fullerton Tool Company, Division of Curry Industries, Bassett Rotary Tool Company, Cleveland Cutting Tools, Inc., Falcon Tool Company, Inc., Sandvik, Inc., Greenleaf Corporation, Adamas Corporation, Weldon Tool Company, ITW Drills and End Mills, a Division of Illinois Tool Works, Inc., Colt Industries, Fastcut Tool Operation, Union Twist Drill, a Division of Litton Industrial Products, Inc., Colt Industries, Crucible Specialty Metal Division,**

Do All Company, Conical Tool Company, Paul R. Gresswein & Co., Inc., Latrobe Steel Company, NGK Metals, formerly the Berylium Corporation, General Electric Company (Carboloy Systems Department), Wolverine Cutter Co., Newcomer Products, Inc., TRW, Inc., Drill and End Mill Division, Atrax Company, and S.G.S. Tool Company.

Appeal of FALCON TOOL COMPANY, INC.

Supreme Court of Pennsylvania.

Argued March 13, 1992.

Decided June 17, 1992.

Richard B. Tucker, III, Diane H. Chavis, Tucker Arensberg, P.C., Pittsburgh, for Falcon Tool.

Robert L. Ceisler, Thomas A. Lonich, Ceisler, Richman & Saxton, Washington, for Richard and Jean Reichert.

James S. Ehrman, Tighe, Evan & Ehrman, Pittsburgh, for Adamas Carbide Corp.

Suzanne L. DeWalt, Steven C. Kuncle, Kirkpatrick & Lockhart, Pittsburgh, for TRW, Inc.

James D. McDonald, Jr., Erie, for Bassett Rotary Tool Co.

R. Kenneth Willman, Concetta A. Silvaggio, Thomas C. Herbertson, Willman & Arnold, Pittsburgh, for S.G.S. Tool Co.

William J. Schaaf, Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, for Cleveland Cutting Tools, Inc.

Irving Murphy, MacDonald, Illig, Jones & Britton, Erie, for Gen. Elec. Co.

Gerald J. Cipriani, Cipriani & Werner, Pittsburgh, for NGK Metals.

Dennis J. Roman, Grogan, Graffam, McGinley, Solomon & Lucchino, Pittsburgh, for Atrax Co.

Jan C. Swensen, Swensen & Perer, Pittsburgh, for Conical Tool Co.

Kenneth S. Robb, Doherty & Robb, Pittsburgh, for Latrobe Steel Co.

C. Leon Sherman, Sherman & Picadio, Pittsburgh, for Greenleaf Corp.

Edward A. Yurcon, Anstandig, Levicoff & McDyer, Pittsburgh, for Wolverine Cutter Co.

James F. Manley, Burns, Manley & Little, P.C., Pittsburgh, for Colt Industries.

James F. Israel, Israel & Wood, Pittsburgh, for Sandvik, Inc.

Dennis S.J. Mulvihill, Robb, Leonard & Mulvihill, Pittsburgh, for Newcomer Products, Inc.

William W. Wycoff, Thorp, Reed & Armstrong, Pittsburgh, for ITW Drills and End Mills.

Joseph S.D. Christof, Theodore O. Struk, Dickie, McCamey & Chilcote, P.C., Pittsburgh, for Do All Co. and Welden Tool Co.

Paul F. Burroughs, John G. Gent, Quinn, Gent, Buseck & Leemhuis, Erie, for Paul Gessivein Co.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

On June 27, 1986, Richard and Jean Reichert, appellees herein, commenced an action by complaint in the Court of Common Pleas of Erie County against twenty-two defendants, including appellant, Falcon Tool Company, Inc. (Falcon), seeking damages for injuries suffered by Mr. Reichert in connection with his job as a tool and die maker for Anson Tools and Gages, Inc. These alleged injuries were the result of exposure to and inhalation of dusts and fibers of tungsten, carbide, cobalt and specialty steel and its component elements from products manufactured and/or sold by the defendants to Anson Tools. Falcon, an Ohio corporation, is engaged in the business of selling tools to mold and die makers.

On October 1, 1986, appellees filed a praecipe to have their complaint reinstated and instructed the Erie County Sheriff's Office to serve the complaint on Falcon by certified mail. The Sheriff's Office complied and the complaint was sent certified mail to Falcon on October 3, 1986. The return receipt reflects that the document was received and signed for by a warehouse employee on October 6, 1986. Falcon did not respond to the complaint. As a result of Falcon's failure to respond to the complaint appellees, pursuant to Pa.R.C.P. No. 237.1, sent a notice of default on March 9, 1987. Falcon did not respond to this notice. Default judgment was entered against Falcon on March 26, 1987.

However, sometime prior to the entry of the judgment, preliminary objections to the original complaint were filed by one of the additional defendants, alleging, *inter alia,* that the complaint was vague and ambiguous, and that it failed to specify the nature of the claims asserted. On February 3, 1987, the trial court entered an order directing appellees to

file a more specific pleading within seventy-five (75) days. On March 19, 1987, seven (7) days *before* the default judgment was entered against Falcon, appellees filed their amended complaint. Appellees did not serve this complaint on Falcon, nor did they endorse the amended complaint with a notice to plead.

On October 21, 1987, Falcon filed a petition to strike and/or open the default judgment. Appellees responded to this petition; and Falcon in turn filed an amended petition and answer raising new matter. Appellees responded to the new matter. Depositions were taken. On March 3, 1988, the trial court entered an order and opinion granting Falcon's petition to strike off the default judgment. In support of its order, the court determined that a fatal defect appeared on the face of the record since Falcon was not served properly with either appellees' original complaint or with the amended complaint. As regards the original complaint the trial court held that the service by mail was defective. As to the amended complaint it was admitted that this had never been served; however, it was implicitly held that the filing of the amended complaint invalidated the original complaint such that a judgment entered thereon was ineffective. Because of the trial court's ruling on the petition to strike, the court did not address Falcon's petition to open.

On appeal to the Superior Court, appellees asserted that the trial court erred in striking the judgment, arguing that service by certified mail was proper under our rules of civil procedure, and that the filing of the amended complaint did not excuse Falcon of its duty to respond to the original complaint. Superior Court agreed with appellees' arguments, reversed the order of the trial court striking the judgment, and remanded the matter to the trial court for consideration of Falcon's petition to open the judgment. Falcon requested allowance of appeal and allocatur was granted. We now reverse the order of the Superior Court. 385 Pa.Super. 416, 561 A.2d 745.

The appellant presents two issues: first, whether the service by mail on a foreign corporation is permitted by the Rules

of Civil Procedure;[1] and second, whether the filing of an amended complaint invalidates the original complaint for purposes of taking a default judgment. We need only address the second issue as our holding thereon renders the first issue moot. As noted above, the trial court determined that the amended complaint was the operative complaint and since the amended complaint was not properly served on Falcon (in fact it had never been served), service was therefore improper, thus constituting a defect on the face of the record sufficient to permit the court to strike the default judgment. For the reasons, stated below, we agree with the trial court.

It is acknowledged that Falcon was served with the original complaint in this case, although the propriety of that service has been challenged. It is also undisputed that Falcon did not respond to this complaint. Moreover, appellees followed the proper procedure provided in the rules for taking the default judgment. The problem here arises when the court, in response to a second defendant's preliminary objections, ordered appellees to amend their complaint in order to file a more specific pleading, and in that amended complaint plaintiff again asserted the claim against Falcon. Had appellees elected to have judgment entered against Falcon *prior* to filing their amended complaint, we would have no hesitation in upholding the Superior Court's ruling on this issue. However, appellees instead filed their amended complaint with the court, and included in the new pleading allegations pertaining to Falcon. At this point appellees, by not taking the default prior to the amendment, and by including Falcon in their amended complaint, foreclosed their ability for default judgment on the original complaint. *See Kay v. Fredrigal,* 3 Pa. 221 (1846) ("Where an amended declaration is filed by leave of court, it is virtually a withdrawal of the first ..." *Id.* 3 Pa. at 223); *see also Atherton v. Clearview Coal Co.,* 267 Pa. 425, 110 A. 298 (1920). *Accord, DiPasquale Construction Corporation v. Zinnert,* 14 Conn.App. 63, 539 A.2d 618 (1988) (holding that the filing of an amended pleading is a withdrawal of the

1. This issue requires an examination of the interplay of Rules 403, 404 and 424 of the Rules of Civil Procedure.

original and a foreclosure of challenges relating to the original complaint). Thus, the filing of the default would have had to have been to the amended complaint, a complaint which admittedly had never been served on Falcon. Therefore, the trial court was correct in finding a record default sufficient to strike the judgment.

Accordingly, the order of the Superior Court is reversed; the order of the trial court is reinstated and the matter is remanded to the trial court for further proceedings.

LARSEN, J., did not participate in the consideration or decision of this case.