Anthony J. GRIECO, in His Capacity as Guardian of the Estate of Carol Grieco, Anthony J. Grieco and Casondralee Grieco

v.

Keith PERRY, M.D., et al.

No. 96–514–M.P.

Supreme Court of Rhode Island.

July 17, 1997.

Thomas J. Fay, Amato A. Deluca, Providence, Miriam Weizenbaum, Pawtucket, for Plaintiff.

Colleen J. Pelletier, William White, Joseph A. Kelly, Providence, Joseph P. Carroll, Woonsocket, Dennis J. McCarten, Michael G. Sarli, Providence, for Defendant.

Before LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on April 11, 1997, pursuant to an order directing the parties to appear and show cause why the issues raised by the defendant Sharon Wright's petition for certiorari filed after the denial of her motion to vacate a default judgment against her should not be summarily decided.

After hearing oral arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the petition will be decided at this time.

On August 31, 1995, Anthony J. Grieco (Grieco), the plaintiff below, in his capacity as the guardian of the estate of Carol Grieco, Anthony J. Grieco, and Consandra Grieco, filed a civil action in Providence County Superior Court against Keith Perry, M.D., Henry Robidoux, M.D., Anthony Guglielmi, M.D., S. Wright, R.N. (Wright), D. Herrera (Herrera), and St. Joseph Hospital. Wright was never served with that complaint.

A first amended complaint was later filed on November 30, 1995. That complaint added Associates in Anesthesia, Inc., John Does, M.D., and Jane Doe, M.D., as named defendants. Additionally, Wright was then identified as "Sharon Wright" and Herrera was identified as "Jose Herrera." A copy of that complaint was mailed to Wright's Connecticut home address.

A second amended complaint was filed on March 27, 1996. The motion seeking permission to file that second amended complaint was granted on April 16, 1996. Wright however was not served with that complaint. The only change between the first and second amended complaints was that the name of one plaintiff had been changed from "Consandra" to "Casondralee" Grieco. A motion to default Wright on the first amended complaint was filed on June 25, 1996. That

motion was granted on August 27, 1996. Wright thereafter filed a motion to vacate the default judgment. That motion was heard and denied on September 19, 1996. It is from that decision that Wright filed her petition for certiorari.

 We conclude that Wright could not have been defaulted on the first amended complaint. After the order granting the plaintiffs permission to file their second amended complaint was entered by the Superior Court on April 16, 1996, the first amended complaint was no longer an active pleading in the action. Rule 15(a) of the Superior Court Rules of Civil Procedure provides that "[a]mendments shall be embodied in a fair copy of the whole paper as amended, which *shall be substituted for the original* unless otherwise ordered by the court." (Emphasis added.) Professor Kent, in explaining Rule 15, notes that "[a]n amended pleading is a substitute for the original and supersedes it; the original no longer performs any function in the case. No pleading nor motion need be or should be directed to it." 1 Kent, *R.I. Civ. Prac.*, § 15.7 at 154 (1969). That interpretation of Rule 15 was adopted by us in *Zito v. Cassara*, 109 R.I. 112, 281 A.2d 303 (1971). Thus, the filing of the plaintiffs' second amended complaint rendered their first amended complaint a nullity, regardless of the fact that Wright was not served with the second amended complaint. It was the filing of the second amended complaint that acted to supersede the first amended complaint, not the service of that second amended complaint upon the defendant.

The court in *Reichert v. TRW, Inc., Cutting Tools Division*, 531 Pa. 193, 611 A.2d 1191 (1992), was confronted with a factual situation similar to that in the case before us. In *Reichert* the defendant, Falcon Tool Company, Inc. (Falcon), was served with an original complaint but failed to respond to that complaint. A notice of default was sent on March 9, 1987. On March 19, 1987, the plaintiffs filed an amended complaint that was not served on Falcon. Default judgment on the original complaint was entered against Falcon on March 26, 1987. In that situation the Pennsylvania court stated that

"by not taking the default prior to the amendment, and by including Falcon in their amended complaint, [the Reicherts] foreclosed their ability for default judgment on the original complaint. *See Kay v. Fredrigal*, 3 Pa. 221 (1846)('Where an amended declaration is filed by leave of court, it is virtually a withdrawal of the first * * *' *Id.* at 223); *see also Atherton v. Clearview Coal Co.*, 267 Pa. 425, 110 A. 298 (1920). *Accord, DiPasquale Construction Corporation v. Zinnert*, 14 Conn.App. 63, 539 A.2d 618 (1988)(holding that the filing of an amended pleading is a withdrawal of the original and a foreclosure of challenges relating to the original complaint). Thus, the filing of the default would have had to have been to the amended complaint, a complaint which admittedly had never been served on Falcon." *Reichert*, 611 A.2d at 1193–94.

The Pennsylvania court concluded that once the amended complaint was filed, the original complaint no longer remained an active part of the action. In *Harris v. Shoults*, 877 S.W.2d 854 (Tex.Ct.App.1994), the court came to a similar conclusion. In *Harris* the defendant appealed from a default judgment entered against him because even though he had failed to answer the original complaint that had been properly served upon him, the default was entered after the filing of an amended complaint with which he was never served. The court held that

"when the trial court entered its judgment, the live pleading was the amended petition. The original petition that was served on Harris [the defendant] and that Harris failed to answer, was superseded by the amended petition and could no longer be regarded as exposing Harris to liability under the claims of that petition. * * * Therefore, Harris no longer admitted liability nor the amount of property damages when the judgment was entered. Since State Farm did not serve Harris with the amended petition (the live pleading), Harris did not admit anything by failing to answer." *Id.* at 855.

Thus, in circumstances very similar to those presently before us, the Texas court found entry of the default judgment to be error.

■ We acknowledge the rule followed in the Southern District of New York that an amended complaint does not automatically supersede an original complaint until the amended complaint is actually served upon the defendant and that the filing of the amended complaint merely places the action into an "inchoate state until service is completed." *International Controls Corp. v. Vesco,* 556 F.2d 665, 669 (2d Cir.1977)(quoting *Messenger v. United States,* 231 F.2d 328, 329 (2d Cir.1956)). *See also Bybee v. Oper der Standt Bonn,* 899 F.Supp. 1217 (S.D.N.Y.1995). However, we conclude that there is nothing in our Rules of Civil Procedure or in Professor Kent's interpretation of those rules that supports the proposition that an amended complaint only supersedes an original complaint after it has been served on a defendant. We find that the reasoning in *Harris* and *Reichert,* concluding that the original complaint is superseded at the time of the filing of the amended complaint, is more persuasive than the rule in *International* and is more consistent with our own Rules of Civil Procedure.

Accordingly, for all of the foregoing reasons the defendant's petition for certiorari is granted, the default judgment entered against her is quashed, and the papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.

WEISBERGER, C.J., did not participate.