**Theresa M. BROOKS and Arthur K. Brooks, Sr.**

v.

**B & R TOURING COMPANY, Beverly Frey and Hello, Hello, Charter.**

**Appeal of: B & R Touring Company and Beverly Frey.**

Superior Court of Pennsylvania.

Argued Oct. 23, 2007.

Filed Dec. 18, 2007.

Richard S. Drofzaun, Pittsburgh, for appellant.

Edwin Aksel Abrahamsen, Scranton, for appellee.

BEFORE: STEVENS, BENDER and McCAFFERY, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal from an order denying Appellants'[1] petition to open/strike default judgment. Appellants raise two issues for our resolution:

Whether the trial court erred in refusing to strike the default judgment when there were fatal defects in the judgment because the Amended Complaint was not served on the Defendants or Defendants' attorney of record and the Notice to Defend did not substantially comply with Rules 237.1 and 237.5 of the Pennsylvania Rules of Civil Procedure?

Whether the trial court erred in refusing to open the default judgment when the motion was timely filed, the failure to

appear or timely file an answer was reasonably explained and a meritorious defense was shown to exist?

Appellants' Brief at 4. After a review of the record and study of the relevant law, we reverse.

¶ 2 The present action was initiated by the filing of a complaint in civil action on January 24, 2005. According to allegations contained within the complaint, on April 15, 2004, Appellee Theresa M. Brooks was injured while a passenger on a tour bus operated by Appellants Beverly Frey and B & R Touring Company. The injuries at the heart of the suit were allegedly sustained when Ms. Brooks fell when the bus began moving while Ms. Brooks was standing and prior to her being securely seated. The complaint named only one defendant, B & R Touring Company, and in paragraph 3 alleged that the defendant, B & R Touring Company, was "a registered corporation with the express purpose of providing group travel and tours." Appellees' Complaint, ¶ 3. The return of service indicates that the complaint was served on Beverly Frey on February 9, 2005 at 2:00 p.m.

¶ 3 Appellees' contend in their Brief that sometime after the complaint was served Appellees' counsel received a letter from an Allan Goodman, Esquire, who represented to Appellees' counsel, Edwin A. Abrahamsen, Jr., Esq., that he was counsel for Appellant B & R Touring Company, that B & R Touring Company was actually not a corporation and the caption should be corrected to name Beverly Frey, individually and t/a B & R Touring Company.[2] Attorney Goodman also supposedly related

---

**1.** We note that although the notice of appeal lists both Beverly Frey and B & R Touring Company as taking an appeal from the order denying relief, the default judgment appears to have been taken against only Beverly Frey, individually and trading as B & R Touring Company.

**2.** We note that this correspondence is not contained in the record certified by the Prothonotary of Luzerne County and forwarded to this Court.

to Appellees' counsel that the bus in question had been leased from another business entity known as Hello Hello Charters. Notably, the docket does not reflect that an Allan Goodman, Esquire, had entered his appearance for Beverly Frey, either individually or t/a B & R Touring Company, at that time or, for that matter, at any time thereafter.[3]

¶ 4 On April 21, 2005, Appellees filed an amended complaint seeking recovery for the same injuries and relying upon the same allegations and theories of recovery. However, the amended complaint added as a defendant, Beverly Frey, individually and t/a B & R Touring Company.. The complaint further added as a defendant Hello Hello Charter Service of Whitehall, Pennsylvania. The amended complaint was served upon Allan Goodman, Esquire, via first class mail and, after several unsuccessful attempts, personally upon Hello Hello Charter Service on December 22, 2005, by handing a copy of the complaint to a "person in charge" at the address of Hello Hello Charter Service's principal place of business.

¶ 5 On February 23, 2006, with Appellants having failed to file an answer, Appellees served notices of intention to take default judgment by certified mail to Beverly Frey and B & R Touring Company at a post office box in Slatington, Pennsylvania. On May 19, 2006, with neither Beverly Frey nor B & R Touring Company responding to the 10–day notices, Appellees praeciped for the entry of a default judgment against Beverly Frey, individually and trading as B & R Touring Company.

¶ 6 On October 10, 2006, Appellants filed a petition to strike and/or open default judgment. On October 30, 2006, Appellees filed an answer to Appellants' petition to strike/open default judgment and on November 28, 2006, Appellant Beverly Frey was deposed pursuant to the petition. On January 22, 2007, after the filing of briefs on the matter, the court denied Appellants' petition to strike/open default judgment and the present, timely appeal followed.

¶ 7 Appellants contend that the court erred in denying their petition to strike as there was a fatal defect apparent on the record, namely, a failure to serve Appellant Beverly Frey. We agree.

¶ 8 Before beginning our analysis, we acknowledge that:

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

*Cintas Corp. v. Lee's Cleaning Servs.*, 549 Pa. 84, 89–90, 700 A.2d 915, 917 (1997). Also, "[w]hen deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." *Id.* at 90, 700 A.2d at 917.

¶ 9 Among the defects that might satisfy the above standard, the foremost might be a failure with respect to service of process. It is a fundamental legal premise that in order to enter a judgment against a person, the court must first possess jurisdiction over that individual. Conversely, a judgment entered

---

**3.** Nor does the certified record contain a praecipe to enter appearance by Allan Good-   man, Esquire.

against a party over which it does not possess jurisdiction is void. In order to exercise jurisdiction over a party, that party must be served with a complaint in a manner approved by the rules of civil procedure. The above principles of law are encompassed in the following quote from *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447, 449 (1992): "If there is no valid service of initial process, a subsequent judgment by default must be deemed defective. In the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him."

¶ 10 A review of the record reveals that the original complaint filed in this case was personally served upon Beverly Frey. However, the only defendant named in that complaint was B & R Touring Company, which was alleged to be a registered corporation. Notably, Beverly Frey was not a named defendant in that complaint, either as an individual or as an individual doing business as, or trading as, B & R Touring Company. Consequently, Beverly Frey was not a defendant in the cause of action at that point in time. The only defendant named was a non-existent corporation. Appellees subsequently filed an amended complaint which did name Beverly Frey as a defendant, both as an individual and trading as B & R Touring Company. As such, at that point in time, nearly three months after the original complaint was filed and more than two months after Beverly Frey was served, Beverly Frey became a defendant in the cause of action. However, Beverly Frey was not personally served with the amended complaint. Appellants contend that, under the above factual background, the present case is governed by *Reichert v. TRW, Inc., Cutting Tools Div.*, 531 Pa. 193, 611 A.2d 1191 (1992), and that the default judgment should have been stricken. We agree.

¶ 11 In *Reichert*, the Reicherts (appellees) filed suit against a total of 22 defendants alleging an occupational disease type injury resulting from Richard Reichert's inhalation of dusts and fibers of tungsten, carbide, cobalt and other substances. Appellant Falcon Tool Company (Falcon), an Ohio corporation, was engaged in the business of selling tools to mold and die makers and was alleged to have sold products to the appellee's employer. Service of the complaint upon Falcon was made via certified mail and the receipt was signed by a warehouse employee. Falcon did not respond to the complaint leading the appellees to file a notice of intent to take default judgment. This notice also went unheeded and default judgment was taken on March 26, 1987.

¶ 12 Prior to that time, in response to the filing of preliminary objections of another defendant, the trial court directed the appellees to file an amended complaint. The appellees complied, filing an amended complaint on March 19, 1987, one week prior to the taking of a default judgment against Falcon. Named in the amended complaint was Falcon Tool Company. On October 21, 1987, Falcon filed a petition to strike/open default judgment, which the trial court granted finding both defective service of the first complaint and a failure to serve the amended complaint upon Falcon. On appeal, this Court reversed concluding that the original service was proper and that the filing of an amended complaint did not excuse Falcon from its obligation to respond to the original complaint. On appeal to the Pennsylvania Supreme Court the Supreme Court reversed.

¶ 13 Two issues were raised to the Supreme Court, "first, whether the service by mail on a foreign corporation is permitted by the Rules of Civil Procedure; and second, whether the filing of an amended

complaint invalidates the original complaint for purposes of taking a default judgment." *Id.* at 197–98, 611 A.2d at 1193. The Court did not address the first issue because it found the second dispositive of the appeal. The Court stated:

> As noted above, the trial court determined that the amended complaint was the operative complaint and since the amended complaint was not properly served on Falcon (in fact it had never been served), service was therefore improper, thus constituting a defect on the face of the record sufficient to permit the court to strike the default judgment. For the reasons, stated below, we agree with the trial court.

*Id.* at 198, 611 A.2d at 1193. The reasons alluded to in the above quote are that the filing of an amended complaint constitutes "virtually a withdrawal of the first," *id.*, 611 A.2d at 1194, meaning that "the filing of the default would have had to have been to the amended complaint, a complaint which admittedly had never been served on Falcon." *Id.* at 199, 611 A.2d at 1194. Upon these facts, "[t]herefore, the trial court was correct in finding a record default sufficient to strike the judgment." *Id.* The Court did suggest that had the default judgment been taken prior to the filing of the amended complaint, or had Falcon been omitted from the amended complaint, there would be no defect. The Court stated:

> Had appellees elected to have judgment entered against Falcon *prior* to filing their amended complaint, we would have no hesitation in upholding the Superior Court's ruling on this issue. However, appellees instead filed their amended complaint with the court, and included in the new pleading allegations pertaining to Falcon. At this point appellees, by not taking the default prior to the amendment, and by including Falcon in their amended complaint, foreclosed their ability for default judgment on the original complaint.

*Id.* at 198, 611 A.2d at 1193–94.

¶ 14 The present case fits the *Reichert* facts nearly to a "T." Appellees filed an amended complaint which, under the above authority, rendered the original complaint a virtual nullity. Despite the above, Appellees failed to serve the complaint upon Appellants.[4] As such, no default judgment could be taken upon the amended complaint as there had not been valid service of process.

¶ 15 Other jurisdictions have reached similar results when faced with this specific fact pattern. In *Harris v. Shoults*, 877 S.W.2d 854 (Tex.Ct.App.1994), a complaint seeking property damages went unanswered. Subsequently, an amended complaint was filed seeking damages for personal injury in addition to property damage. This complaint was not served on the defendant and a default judgment was taken. At a default judgment hearing, damages were assessed for both property damage and personal injury. Harris sought to have the judgment stricken and State Farm Insurance, and additional plaintiff, conceded that the judgment for personal injury was invalid due to a lack of service of the amended complaint but argued that the damages for personal property were valid. The Texas Court of Appeals disagreed, commenting:

---

4. We cannot accept Appellees argument that they did serve the amended complaint upon Appellants when the complaint was forwarded to Allan Goodman, Esquire. In the first place, the rules of civil procedure do not allow service of process upon a party's attorney. Secondly, Mr. Goldman never entered an appearance on Appellants' behalf in the present action. As such, the amended complaint must be regarded as unserved.

when the trial court entered its judgment, the live pleading was the amended petition. The original petition that was served on Harris [the defendant] and that Harris failed to answer, was superseded by the amended petition and could no longer be regarded as exposing Harris to liability under the claims of that petition.... Therefore, Harris no longer admitted liability nor the amount of property damages when the judgment was entered. Since State Farm did not serve Harris with the amended petition (the live pleading), Harris did not admit anything by failing to answer.

*Id.* at 855.

¶ 16 Similarly, in *Grieco v. Perry*, 697 A.2d 1108 (R.I.1997), in a case for personal injury, suit was filed against several defendants including Sharon Wright, an R.N. Wright was not served with the first complaint, in which she was identified only as S. Wright, but was served with the first amended complaint. Wright did not respond to this complaint. A second amended complaint was subsequently filed, which was also not served upon Wright, and a default judgment was then taken against Wright. Considering the validity of the default judgment entered against Wright, the Supreme Court of Rhode Island stated:

We conclude that Wright could not have been defaulted on the first amended complaint. After the order granting the plaintiffs permission to file their second amended complaint was entered by the Superior Court on April 16, 1996, the first amended complaint was no longer an active pleading in the action.... Thus, the filing of the plaintiffs' second amended complaint rendered their first amended complaint a nullity, regardless of the fact that Wright was not served with the second amended complaint. It was the filing of the second amended complaint that acted to supersede the first amended complaint, not the service of that second amended complaint upon the defendant.

*Id.* at 1109.

¶ 17 Given the above, we must conclude that the trial court erred in failing to grant Appellants' petition to strike the default judgment.

¶ 18 Order reversed.