## Ackerman *v.* North Huntingdon Township (et al., Appellant).

Argued March 21, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis Vaira,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 24, 1967:

Alvin Ackerman, a developer of residential housing sites in North Huntingdon Township, Westmoreland County, brought an action in equity asking that the court decree him to be the sole owner of the Five Pines-Lincoln Way trunk sewer transportation lines serving the area, and asking that the township, as well as two other developers, Marwood Corporation and Crestview Land Company, be enjoined from making use of the sewer lines in question.

The township filed a responsive answer and amended answer claiming right and title to the sewer lines. The Crestview Land Company defended its connection to the sewer lines as a result of permission granted to it under township regulations and the issuance of a State permit for its sewer facilities in the township. The Marwood Corporation presented no testimony. The court filed a decree nisi dismissing the township's claim of title and right to the sewer lines, awarded Ackerman $15,000 against the Crestview Land Company, and dismissed his suit against the township and Marwood.

The township filed no exceptions to the decree, but on the last day for filing such exceptions, Alexander J. and Ruth K.. Bielski filed a petition to intervene. Ackerman filed an answer averring that the petitioner

had no enforcible claim in the proceedings. The court entered an order refusing the intervention.

Alexander and Ruth Bielski own land adjoining the plan of lots being developed by the Crestview Land Company. All of the maps, drawings, specification, etc., attached to the township's application and permit for the construction of the sewer lines in controversy and the operation of the resulting sewage system show that the drainage area to be served thereby includes petitioners' property. At the hearing on the petition to intervene Alexander Bielski testified that Ackerman had asked him for $80,000 for sewer taps to service 200 homes that a prospective purchaser was interested in building on the Bielski property. He testified: "It's absolutely impossible for me to lay the ground out and obtain sewage service unless I have access to the Five Pines-Lincoln Way trunk sewer now in controversy in this case, and when this information was related to Mr. Kunkle (the prospective purchaser) that I could not obtain the desired permit from Mr. Ackerman, he said the deal is off, and that's where I'm left."

Thus, there can be no question that the Bielskis have an interest in the subject matter of the controversy which justifies their intervention. At the hearing on the Bielski petition, the solicitor for the township stated to the court that the right and title to the sewer lines should be declared in the township. Nevertheless, the township did not take exceptions to the decree nisi and did not pursue its claim of right and title as the petitioners would have wanted the township to do. Since the township failed to file exceptions, it became imperative for the petitioners to intervene to protect their interests, especially since the court held that no connection or tap could be made in the trunk sewer lines except with Ackerman's approval and consent on a consideration to be determined by him. Nor could the Bielskis depend on the defendants Marwood

and Crestview since Marwood offered no testimony at the original hearing and Crestview's defense to the Ackerman action was different from the one presented by the Bielskis.

The lower court held that the petitioners were guilty of laches. The petitioners as resident property owners had the right to assume that their interests would be protected by the township in the litigation. What was involved here was a public facility operating under a State permit. As counsel for the petitioners properly stated in his brief: "Petitioners honestly felt no occasion to intermeddle in the law suit of others." When, however, it developed, as already stated, that the township indicated it would not contest the chancellor's findings, it behooved the Bielskis to act and they acted without delay. The decree nisi was filed April 19, 1966. Within the 20 days allowed for the taking of exceptions, the Bielskis filed their petition.

The order of the court refusing intervention on the part of the petitioners is reversed and the record remanded to the court below for further proceedings.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe the court below, in denying the petition to intervene, properly exercised its discretion under Pa. R. C. P. 2327 and 2329. I would therefore affirm.