2019 PA Super 103

| CLARENCE BELLIVEAU | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| R.A. PHILLIPS AND ELLA B. PHILLIPS, HUSBAND AND WIFE, DECEASED, UNKNOWN HEIRS OF R.A. PHILLIPS AND UNKNOWN HEIRS OF ELLA B. PHILLIPS | |
| APPEAL OF: WILLIAM FADELEY AND KATHLEEN FADELEY | |
| | No. 894 WDA 2017 |

Appeal from the Order Entered May 22, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-16-021515

BEFORE: BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

OPINION BY STABILE, J.: FILED April 1, 2019

Appellants, William and Kathleen Fadeley, appeal from the May 22, 2017 order dismissing their petitions to open and/or strike a judgment entered in a quiet title action in favor of Appellee, Clarence Belliveau. We vacate and remand.

This case arises from a boundary dispute between Appellants, who acquired a plot of land ("Lot 279") in Robinson Township, Allegheny County, Pennsylvania, at a sheriff's sale, and Appellee, who filed this quiet title action

based on a claim of adverse possession of a lot ("Lot 55") abutting—and allegedly overlapping—Lot 279.

The sheriff's sale, at which Appellee was present, took place on October 21, 2015. On November 4, 2016, Appellee filed this action to quiet title in Lot 55. The named defendants, the Phillips[1], acquired title to Lot 55 in 1901. They are long since deceased. Appellee claimed Lot 55 had been abandoned for more than 30 years, and that he could not find any heirs or successors. Appellee thereafter filed a motion for a special order to permit alternative service by publication upon the Phillips. By order dated November 29, 2016, the trial court granted the motion and permitted service only upon the Phillips by publication in the Pittsburgh Legal Journal and a newspaper of general circulation, as well as by posting of the property.[2]

_____

[1] The defendants named in the quiet title action, collectively referred to herein as the "Phillips", were "R. A. Phillips and Ella B. Phillips, Husband and Wife, deceased, Unknown Heirs of R.A. Phillips and Unknown Heirs of Ella B. Phillips."

[2] Rule 430(a) of the Pennsylvania Rules of Civil Procedure permits service by publication upon motion accompanied by an affidavit demonstrating that the whereabouts of a defendant cannot be ascertained after a proper investigation. Pa.R.C.P. No. 430(a). It is clear here that service by publication would not be permitted upon the Appellants, as their whereabouts were clearly known to the Appellee.

When no response to the complaint was received, Appellee moved for judgment.[3] Specifically, Appellee requested the trial court to enter a judgment permanently enjoining and forever barring each and all defendants, and all other persons or entities, known or unknown, from asserting any right, lien, title or interest in Lot 55, inconsistent with Appellee's interests as set forth in his complaint. By order dated February 21, 2017, the trial court granted that relief. It further ordered that, upon praecipe by Appellee, the Department of Court Records, Civil Division, was to enter judgment and that a certified copy of the order was to be filed with the Department of Real Estate, Allegheny County, to establish title to the subject property, in fee, in favor of Appellee, Clarence Belliveau. Upon praecipe dated February 21, 2017, judgment was entered. The judgment entered not only was against the Phillips, the only defendants named in the complaint, but also was against

> all other persons or entities known or unknown [who are] permanently enjoined, barred and restrained from asserting any right, lien, title, claim or interests in [Lot 55], and that [Appellee] is solely entitled to quiet, exclusive, uninterrupted and peaceful possession and ownership of the subject property, free and clear of any and all rights, title, interest, liens, encumbrances or other claims.

Judgment, 2/21/17, at ¶ 2 (emphasis added).[4]

_____

[3] In a quiet title action, a court may grant appropriate relief upon affidavit that a complaint containing a notice to defend has been served and that a defendant has not filed an answer. Pa.R.C.P. No. 1066.

[4] The record does not reflect whether Appellee, or the trial court, or a combination of both, prepared the judgment language.

On April 27, 2017, Appellants filed a petition to strike and/or open the judgment. In their petition to strike, Appellants asserted—among other things—that the trial court lacked subject matter jurisdiction to enter the judgment, that they were indispensable parties to the quiet title action, and that they were never served the complaint in the quiet title action. In their petition to open, Appellants asserted again, among other things, what they deemed to be meritorious defenses to Appellee's claimed ownership of that part of Lot 55 contained within Lot 279, and that they, and not Appellee, have been in open possession of Lot 279 since the time of their deeded ownership. By order dated May 22, 2017, the trial court denied Appellants' petition, reasoning it could not grant relief because Appellants were not parties to the quiet title action. Appellants appealed the May 22, 2017 order, and both Appellants and the trial court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) opinion, the trial court again stated that denial of Appellants' petition was due to the fact Appellants were not parties to the quiet title action. It further noted that notice of the quiet title action was properly given by advertisement and posting, and that Appellants failed to intervene in a timely manner. The trial court also observed that while all parties have recorded deeds reflecting ownership interests in Lot 55 and Lot 279, the petition to open or strike Appellee's ownership to the whole of Lot 55 requested an excessive remedy because only a small part of Lot 55 was in dispute. The trial court also expressed its opinion that denial of the petition

did not bar Appellants from filing a civil action of ejectment or a quiet title action to remedy the boundary dispute while not completely divesting Appellee of ownership to Lot 55.

In this appeal, Appellants present three questions for our review:

A. Whether the trial court abused its discretion and/or committed an error of law by not striking Appellee's final judgment entered by default due to a lack of subject matter jurisdiction?

B. Whether the trial court abused its discretion and/or committed an error of law by refusing to issue a Rule on Appellee pursuant to Pa.R.C.P. No. 206.5 and/or otherwise require Appellee to show cause why Appellants are not entitled to the relief requested in their petition?

C. Whether the trial court abused its discretion and/or committed an error of law by holding that Appellants could have, or should have, intervened in Appellee's action in quiet title against defendants, R.A. and Ella B. Phillips and their unknown heirs.

Appellants' Brief at 4.

A petition to strike a judgment operates as a demurrer to the record, and the trial court may grant the petition only if a fatal defect appears on the face of the record. Midwest Fin. Acceptance Corp. v. Lopez, 78 A.3d 614, 622 (Pa. Super. 2013). One such defect is failure to effect proper service. Cintas Corp. v. Lee's Cleaning Servs., Inc., 700 A.2d 915, 917-18 (Pa. 1997). This appeal presents a question of law; therefore our standard of review is de novo and our scope of review is plenary. Oswald v. WB Pub. Square Assoc., LLC, 80 A.3d 790, 793 (Pa. Super. 2013).

Although Appellants' first question refers to subject matter jurisdiction, Appellants' petition, their 1925(b) statement, and their brief challenge both

personal jurisdiction for failure of Appellee to serve them the complaint, and subject matter jurisdiction upon the basis they were indispensable parties to Appellee's quiet title action. We address each in turn.

Appellee's complaint named only the Phillips as defendants. The trial court granted permission to serve only the Phillips by publication. Appellants were not named parties to this action nor were they ever served the complaint to quiet title. Nonetheless, the judgment entered included, and was against, all "persons or entities known or unknown." It is beyond question the trial court did not have personal jurisdiction over Appellants (or anyone else other than the Phillips), because Appellants were not parties to this action. A court must have personal jurisdiction over a party to enter a judgment against that party. See Dubrey v. Izaguirre, 685 A.2d 1391 (Pa. Super. 1996) (petition to strike default judgments for improper service of process was proper). Absent valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him. Id. Moreover, a judgment may be attacked for lack of jurisdiction at any time. Id. The trial court was without jurisdiction to order the judgment entered that included Appellants as persons bound by its terms. Doing so was fatal to the judgment entered.

We find Burns v. Mitchell, 381 A.2d 487 (Pa. Super. 1977), on point and controlling. In Burns, the appellee claimed title to a disputed strip of land as a result of a judgment entered in a quiet title action that became final on July 24, 1975. The action to quiet title named various parties, but did not

name the appellant. Additionally, at no time was the appellant personally served the complaint, even though she, at all relevant times, was in possession of the disputed land. Service in the quiet title action was effected by publication. Even though affidavits were filed and publication was accomplished pursuant to a valid court order, this Court held service was ineffective as to the appellant. A person in actual possession of real property cannot be regarded as dead or unknown within the meaning of the rule permitting publication so as to be bound by a judgment based upon that service. Id. This was especially true in Burns, where the appellant was not only in actual possession of the disputed land, but also held title by virtue of adverse possession. We further stated that to hold otherwise would be a blatant violation of procedural due process. Id.

As in Burns, Appellants here were not named parties to Appellee's quiet title action. So too, Appellants were never personally served the complaint to quiet title and service by publication clearly would not be permitted, as Appellants are alive and their whereabouts are known to Appellee. Finally, like the appellant in Burns, Appellants in their petition to open and/or strike judgment aver they hold title to a part of Lot 55, albeit by virtue of a sheriff's deed.

Lest there be any doubt as to Appellee's intention to bind all persons beyond the Phillips to the judgment, one need only look to the record. After judgment was entered on April 4, 2017, upon praecipe by Appellee, counsel

for Appellee wrote to Appellant, William Fadeley, advising Fadeley that he has and had illegally placed vehicles, equipment, and other personal property upon the property owned by Appellee. Petition to Open and/or Strike, 4/27/17, at Exhibit D. Counsel further advised Appellant that he was trespassing, and that Appellee intended to pursue criminal sanctions against him if Fadeley did not terminate his illegal use within five days. Id.

Similarly, the Department of Court Records was also without authority to enter judgment against parties other than the Phillips and, therefore, the judgment entered was void ab initio. When Appellee received no response to his complaint, Appellee, incorrectly believing that the default provisions under Pa.R.C.P. Nos. 237.1 and 237.5 applied, advised by publication the Phillips and "[a]ll [p]ersons having or claiming to have an interest in [two] acres of Vacant Land [Lot 55]" that they were in default for not entering an appearance and filing in writing their defenses or objections to the claim set forth against them.[5] This notice, like the praecipe for judgment, was a legal nullity as to all persons other than the Phillips, because, as with original process, permission was never granted to serve anyone by publication other than the Phillips. As with the praecipe for judgment, this notice of default as to

_____

[5] The default procedures under Rule 237.1 do not apply to quiet title actions, as that rule is not applicable where a judgment is entered by an order of court. See Pa.R.C.P. No. 237.1(b)(1). In a quiet title action, Rule 1066 permits a court to enter appropriate relief upon affidavit that a complaint containing a notice to defend has been served and the defendant has not filed an answer. See Pa.R.C.P. No. 1066(a).

Appellants could not be of any legal effect because Appellants were not parties to the action. Therefore, when Appellee filed his motion for judgment with the trial court under Rule 1066, he could not lawfully represent that Appellants failed to file an answer to his complaint because Appellants were not parties to his action and service never was effected upon them. Accordingly, the Department of Court Records lacked authority to enter judgment based upon the praecipe filed by Appellee. See also Oswald, 80 A.3d at 796-97 (holding that a record reflecting a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment; where authority is lacking to enter judgment under Rule 237.1, the judgment is void ab initio and is a legal nullity).

In summary, the trial court obtained personal jurisdiction over only the Phillips and their unknown heirs. The trial court had no personal jurisdiction over Appellants or any other unnamed and unserved party. Accordingly, the trial court had no jurisdiction to enter judgment against Appellants or any other unnamed and unserved party. The trial court had authority to enter a valid judgment against the named parties but, as explained above, the judgment was written so broadly as to apply to any and all claimants to Lot 55, regardless of their notice of this action.

We now turn to the doctrine of indispensable parties. The failure to join an indispensable party implicates the trial court's subject matter jurisdiction. Orman v. Mortg. I.T., 118 A.3d 403, 406 (Pa. Super. 2015).

[A] party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.

1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

Id. (internal citations and quotation marks omitted).

This case is unusual, in that Appellants were not necessary and indispensable parties to this action as filed. Initially, the only indispensable parties were Appellee, who was seeking to establish ownership through adverse possession, and the Phillips, who were the record title owners of Lot 55. The trial court had personal jurisdiction over the Phillips, and subject matter jurisdiction to enter a judgment concerning Appellee's action against the Phillips.

The trial court, however, overstepped its jurisdiction when it entered judgment in Appellee's favor and against "all other persons or entities known or unknown[.]" In Appellants' petition, they averred they purchased a vacant lot identified as 273–P–279 ("Lot 279") at a sheriff sale. Petition to Open and/or Strike, 4/27/17, at ¶ 1. Appellants stated that on or about and since

February 23, 2016, they openly and obviously used Lot 279, claiming it as their own by, inter alia, physically possessing the property, maintaining the property, cutting its grass, and storing other personal items on the lot. Id. at ¶ 7. They further averred that Appellee was well aware they owned Lot 279, which includes a part of Lot 55, because Appellee was present at the sheriff's sale when Appellants purchased Lot 279.[6] Id. at ¶ 6. Appellants aver they were never notified of Appellee's litigation and had no opportunity to present their interest in Lot 55, which, as stated, is a part of Lot 279. Id. at ¶ 17. In a quiet title action, all parties who claim title to a property must be joined as indispensable parties. Orman, 118 A.3d at 407. The trial court, therefore, lacked subject matter jurisdiction to enter judgment as written.

Finally, we disagree with the trial court's view that Appellants' petition was properly denied because they failed to intervene in a timely manner. As discussed, the trial court granted Appellee permission to serve only the Phillips by publication. Appellants were not obligated to intervene in Appellee's quiet title action because the complaint on its face sought to quiet title only as

_____

[6] The Dissent states as fact that Appellants did not have any right, title, nor any adverse possession interest in Lot 55, and therefore were not indispensable parties to the quiet title action. Dissent Opinion at 1. Respectfully, the record simply does not support this factual assertion. The conflict in ownership to that part of Lot 55 claimed by Appellee that overlaps with Lot 279 owned by Appellants is precisely the factual dispute raised by Appellants' petition. This question of material fact makes problematic the trial court's entry of judgment as to Appellants, who were never parties to Appellee's quiet title action.

between Appellee and the Phillips. It was only when the trial court, in response to Appellee's motion for judgment, included Appellants as parties bound by the judgment that Appellants' interest was implicated. Appellants had no need to intervene in the action prior to that time, as they were not parties to the litigation. See Ackerman v. Township of North Huntingdon, 228 A.2d 667 (Pa. 1967) (petitioners had no occasion to intermingle in lawsuit of others; when it developed that Township no longer would contest action after entry of decree threatening property owners' rights, property owners were entitled to intervene). Appellants did, however, timely file their petition to open and/or strike the judgment once it became known to them that their interest in the property might be extinguished because of the judgment entered. In essence, at that point in time, the trial court involuntarily made Appellants parties to this action by virtue of including them as persons bound by the judgment. Under these unique circumstances, it was error to dismiss Appellants' petition for failure to intervene in Appellee's quiet title action.[7] Id.

_____

[7] Had Appellee sought judgment only as against the Phillips, we would perceive no problem with the complaint proceeding under Rule 1061(b)(2). Because Appellants averred in their petition that they too possess a portion of Lot 55, we do not believe the trial court could have proceeded with either an action for ejectment or a quiet title action before first deciding the issue of possession. See Siskos v. Britz, 790 A.2d 1000 (Pa. 2002) (a determination of possession is a jurisdictional prerequisite to a ruling on the merits of an action filed pursuant to either Pa.R.C.P. 1061(b)(1) or (b)(2)).

The trial court also, in part, justified dismissing Appellants' petition on the basis that denial of the request did not bar them from filing a civil action in ejectment or to quiet title to remedy the boundary dispute while not completely divesting Appellee of ownership of the property. We find this rationale to be misplaced. Since the judgment entered purports to preclude all persons and entities from challenging title to Lot 55 as against Appellee, the question would have arisen as to whether Appellants could subsequently file additional actions if the judgment entered by the trial court were entitled to preclusive effect as a final order.

In conclusion, the trial court erred by not granting Appellants' petition to open and/or strike the judgment because the trial court lacked jurisdiction to enter a judgment binding Appellants.[8] We therefore reverse the trial court's order and remand for further proceedings consistent with this Opinion.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Bowes joins the opinion.

President Judge Emeritus Ford Elliott files a dissenting opinion.

_____

[8] In considering the petition, the trial court arguably could have vacated that part of its judgment order directed to persons or entities other than the Phillips. This might have had the effect of preserving Appellants' rights to file an action in ejectment or to quiet title to that part of Lot 55 claimed to be a portion of their lot 279, while leaving intact Appellee's judgment as against the Phillips.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/1/2019