J-S09014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANKLYN M. GEIGER | : | |
| | : | |
| Appellant | : | No. 645 WDA 2018 |

Appeal from the Order Entered February 14, 2018
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000149-2016

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.: **FILED OCTOBER 9, 2019**

Franklyn Geiger appeals *nunc pro tunc* from the order entered February 14, 2018, in the Warren County Court of Common Pleas, granting the Commonwealth's motion to dismiss the "Petition to Open Consent Order/Forfeiture Judgment" and Motion for Return of Property filed by Geiger. We affirm in part and remand in part.

In May of 2016, the Commonwealth filed various criminal charges against Geiger, all arising from allegations that he possessed marijuana and oxycodone with the intent to deliver. Following a guilty plea colloquy, Geiger entered a negotiated guilty plea to one count of possession of marijuana with intent to deliver, one count of possession of marijuana and  oxycodone

_____

* Retired Senior Judge assigned to the Superior Court.

hydrochloride with intent to deliver, and one count each of criminal use of communication facility, corrupt organizations, illegal exchange of federal food stamps, and cruelty to animals.[1]

In conjunction with his guilty plea, Geiger entered into a consent order with the Commonwealth. Under the consent order, Geiger agreed to forfeit certain real and personal property specifically listed in the order. In return, the Commonwealth agreed to return any items it had seized that were not specifically listed in the consent order.

Geiger was sentenced on October 28, 2016. He filed a post-sentence motion for reconsideration, which was subsequently denied. On February 2, 2017, the trial court granted Geiger's motion to extend the time for filing an appeal until March 6, 2017. Geiger did not file a direct appeal.[2]

On December 1, 2017, Geiger filed a "Petition to Open Consent Order/Forfeiture Judgment and Motion for Return of Property." On February

---

[1] Respectively, 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 7512(a); 911(b)(1); 7313(a); 5511(c)(1).

[2] Geiger later filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, raising multiple issues related to the voluntariness of his plea based on ineffectiveness of counsel. After an extension of time was granted to file an amended PCRA petition, the trial court dismissed the PCRA petition. We affirmed the dismissal.

14, 2018, the trial court granted the Commonwealth's motion to dismiss, as it deemed Geiger's filing untimely. This *nunc pro tunc*[3] appeal followed.

As an initial matter, we note that Geiger's *pro se* brief is not a model of clarity. To the best of our ability, we have reframed his issues to address the cognizable arguments contained in his brief.

In his first issue on appeal, Geiger claims the trial court erred in not opening or voiding the consent order. He sets forth various arguments based upon the Rules of Civil Procedure and authorities addressing the procedures to be followed when the Commonwealth initiates a forfeiture proceeding. The common basis of all of Geiger's arguments under his first issue is that Geiger "did not know (and his attorney failed to advise him) that he had an opportunity to dispute the facts asserted and that he had a right to a civil trial." Appellant's Brief, at 14.

A forfeiture proceeding initiated by the Commonwealth is civil in nature and governed by the Rules of Civil Procedure. *See Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive*, 104 A.3d 411, 426 (Pa. 2014). Here, it is undisputed that the Commonwealth never petitioned for forfeiture in this matter. Rather, the parties reached a consensual agreement which was reduced to writing. This writing provides

---

[3] On April 11, 2018, the trial court granted Geiger's request for the right to appeal *nunc pro tunc*. His appeal, filed within thirty days, is therefore timely.

that Geiger waived the right to require the Commonwealth to file such a petition. *See* Motion for Consent Order, 9/9/16, at ¶ 7. Geiger also waived his right to a hearing before the items listed in the motion were forfeited. *See id*., at ¶¶ 9-10. Finally, the parties agreed that any items seized by the Commonwealth in this case, but not listed in the motion, would be returned to Geiger. *See id*., at ¶ 16.

Here, the consent agreement is essentially a settlement, one that resolved the Commonwealth's claims under the Forfeiture Act to the listed property. Geiger's arguments gathered under his first issue on appeal all seek to void this settlement agreement.[4] However, parties are bound even by settlement agreements whose consequences they may not understand. *See*, *e.g.*, *Muhammad v. Strassburger, McKenna, Messer, Shilobod, and Gutnick*, 587 A.2d 1346, 1349 (Pa. 1991). Therefore, Geiger is not entitled to relief.

We therefore conclude Geiger is not entitled to void the consent agreement. However, we also note Geiger has alleged that the Commonwealth has not honored its obligations under the consent order. *See* Petition, 12/1/17, at ¶ 11, 20. These allegations, if true, would entitle Geiger to an order enforcing the consent order. *See Mastroni-Mucker v. Allstate Ins.*

---

[4] To the extent Geiger claims trial counsel failed to apprise Geiger of his rights under the Forfeiture Act, we lack jurisdiction to consider this claim as counsel is not a named party in this case. *See Belliveau v. Phillips*, 207 A.3d 391, 395 (Pa. Super. 2019).

*Co.*, 976 A.2d 510, 518 (Pa. Super. 2009) (observing that settlement agreements between parties are favored and enforced pursuant to contract principles).

Geiger claims the Commonwealth sold or retained property that was seized from him but was not included in the consent order. For instance, he alleges that the Commonwealth auctioned off real property located at 11½ Madison Avenue. *See id*., at ¶ 11. This property, if it even legally exists, is not listed in the consent order. The consent order cannot therefore legally form the basis of the Commonwealth's right to sell 11½ Madison Avenue at auction (again, assuming the property's legal existence).

We cannot discern whether the Commonwealth actually kept any items that it was supposed to return to Geiger. In fact, we cannot even determine whether the items identified by Geiger actually exist. Therefore, we remand the matter to the trial court for further proceedings to determine whether the Commonwealth has violated the consent order regarding the property identified by Geiger that is not explicitly listed in the consent order.

Next, Geiger claims the trial court erred in dismissing his motion for return of property under Pa.R.Crim.P. 588 without a hearing. To the extent that Geiger seeks the return of property specifically listed in the consent order, we agree with the trial court that Geiger's petition was untimely.

Geiger was required to file a petition for return of property while the trial court retained jurisdiction over the underlying criminal prosecution. ***See***

*Commonwealth v. Allen*, 107 A.3d 709, 717 (Pa. 2014). Here, the trial court retained jurisdiction over Geiger's underlying criminal case until March 6, 2017. Geiger did not file his petition for return of property until December 1, 2017. The petition was therefore untimely, and the trial court properly denied it without a hearing.

In summary, we conclude that Geiger is due no relief with respect to any items explicitly listed in the consent order. In contrast, we conclude Geiger is entitled to an opportunity to develop his claim that the Commonwealth retained the property identified in his petition that is not explicitly listed in the consent order.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2019