J-S20030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BALTON CONSTRUCTION, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PREMIUM MECHANICAL GROUP, INC. | : | |
| | : | |
| | : | No. 187 MDA 2021 |
| Appellee | | |

Appeal from the Order Entered December 30, 2020
In the Court of Common Pleas of Berks County
Civil Division at No(s):  18-18802

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED: August 13, 2021**

Appellant, Balton Construction, Inc., appeals from the order entered in the Berks County Court of Common Pleas, which granted an emergency motion filed by Barton Whitmoyer, the former president of Appellee, Premium Mechanical Group, Inc.  We affirm.

On June 8, 2018, Appellant filed a complaint against Appellee in Lebanon County.  The complaint raised one count of breach of contract.

> The case was transferred from Lebanon County to Berks County on November 16, 2018.  On December 23, 2019, a default judgment was entered against [Appellee], and in favor of [Appellant].  On July 31, 2020, [the] court granted [Appellant's] motion to compel [Appellee] to provide answers to its interrogatories in aid of execution.  On September 1, 2020, [Appellant] filed a motion for contempt and for sanctions pursuant to Pa.R.C.P. 4019(a).  [The] court granted the motion and signed the proposed Order on September 2, 2020.

> In said proposed Order that [Appellant] submitted, the motion was not only granted against [Appellee] but also included a provision that [Appellant] was authorized to execute on the default judgment entered by [the] court on the personal assets of the principals of [Appellee]. [Appellant] thereafter attempted to execute on the personal assets of the former president of [Appellee], Barton Whitmoyer.
>
> The docket shows no activity until November 13, 2020 when Barton Whitmoyer, the former president of [Appellee] and named judgment debtor, filed an emergency motion to strike the Order of September 2, 2020. The motion pleads that Mr. Whitmoyer was never mentioned in any of the pleadings, was not joined as a defendant, and no allegations of piercing the corporate veil or otherwise involving Mr. Whitmoyer in liability existed. The emergency motion further alleged that [Appellant] had known as early as March 14, 2019 that [Appellee] was inactive because it was stated in [Appellee's] answer to the complaint; however, [Appellant] still filed requests for discovery from [Appellee], which resulted in [Appellant's] motion for sanctions, ultimately generating [the] court's said Order of September 2, 2020.
>
> After argument on the matter, the entire procedural history of the case was understood, and, thus, [the] court entered an Order dated December 30, 2020 deleting the provision authorizing [Appellant] to execute on the default judgment on the personal assets of any and all principals of [Appellee], specifically Barton Whitmoyer.

(Trial Court Opinion, filed March 10, 2020, at 1-3) (internal footnote omitted).

Appellant timely filed a notice of appeal on January 15, 2021. On January 20, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied.

Appellant now raises the following issue for our review:

>     Whether the trial court erred in issuing its December 30,
>     2020 order, which deleted language in its prior, final order
>     of September 2, 2020 when the trial court lacked jurisdiction
>     to modify a prior, final order, an order of which all parties
>     had notice and no party challenged.

(Appellant's Brief at 4).

Appellant asserts that the December 30, 2020 order, which deleted language from the September 2, 2020 order, amounted to a "belated substantive modification of a final order" in violation of 42 Pa.C.S.A. § 5505. (*Id.* at 16). Appellant relies on Section 5505 for the proposition that, generally, a court loses jurisdiction to modify an order once it becomes final after the passage of thirty (30) days. Appellant contends the September 2, 2020 order became final on October 2, 2020, and Appellee and Mr. Whitmoyer did not act to obtain reconsideration of the order in a timely manner. Appellant also claims that no extraordinary cause existed to support the belated modification where the parties received proper notice of the order's entry.[1]

Appellant acknowledges the trial court's argument that it needed to modify the September 2, 2020 order because the court lacked jurisdiction to enter a judgment against Mr. Whitmoyer. Appellant insists, however, that Mr. Whitmoyer was personally liable to Appellant after signing the underlying

---

[1] On this point, Appellant emphasizes that Appellee's attorney also represents Mr. Whitmoyer, and the docket reflects that the court sent a copy of the order to counsel.

- 3 -

contract on behalf of Appellee "without any designation that he was signing the agreement in his capacity as a corporate officer….." (**Id.** at 25) (emphasis omitted). Further, Appellant argues that Appellee and Mr. Whitmoyer waived the issue of personal jurisdiction by failing to raise it within thirty days of entry of the September 2, 2020 order, and the court lacked authority to address this issue *sua sponte*. Appellant concludes this Court must reverse the order modifying the September2, 2020 order. We disagree.

"The time within which a trial court may grant reconsideration of its orders is a matter of law…." **Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC**, 108 A.3d 913, 917 (Pa.Super. 2015) (quoting **Estate of Haiko v. McGinley**, 799 A.2d 155, 158 (Pa.Super. 2002)). "For questions of law, our standard of review is *de novo*, and our scope of review is plenary." **Id.**

The Judicial Code governs a court's authority to modify final orders as follows:

> ### § 5505. Modification of orders
>
> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

Nevertheless:

> It is a fundamental legal premise that in order to enter a judgment against a person, the court must first possess

- 4 -

jurisdiction over that individual. Conversely, a judgment entered against a party over which it does not possess jurisdiction is void. In order to exercise jurisdiction over a party, that party must be served with a complaint in a manner approved by the rules of civil procedure.

**Brooks v. B & R Touring Co.**, 939 A.2d 398, 400-01 (Pa.Super. 2007).

"Absent valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him. Moreover, a judgment may be attacked for lack of jurisdiction at any time." **Belliveau v. Phillips**, 207 A.3d 391, 395 (Pa.Super. 2019) (internal citations omitted).

Instantly, the trial court determined that it did not have personal jurisdiction over Mr. Whitmoyer:

> In the case *sub judice*, [the] court never obtained personal jurisdiction over Barton Whitmoyer. [The] court need not say anything more. This case can be resolved on that fact alone, regardless of the fact that no action was taken by [Appellee's] attorney to challenge [the] court's jurisdiction within thirty days of the signing of the first order. As argued, [Appellant] never attempted to pierce the corporate veil or to put forth any other theory to include Mr. Whitmoyer in its action. [Appellant] obtained a default judgment against only [Appellee], a corporation, and not against any of its principals. **Mr. Whitmoyer was unnamed and unserved.** No claims were asserted against Mr. Whitmoyer until [Appellant] submitted its motion for sanctions. Accordingly, [the] court had no jurisdiction even to enter any execution order against Mr. Whitmoyer. Furthermore, a judgment may be attacked for lack of jurisdiction at any time, so the issue of timeliness is immaterial and irrelevant.

(Trial Court Opinion at 4) (emphasis added).

Our review of the record confirms the court's analysis. We emphasize that Appellant did not name Mr. Whitmoyer as a defendant in the complaint.

- 5 -

(*See* Complaint filed 6/8/18, at ¶¶ 1-32).   Additionally, the certificate of service included with the complaint does not indicate that Appellant personally served Mr. Whitmoyer.   Under these circumstances, we agree that the court did not have jurisdiction over Mr. Whitmoyer.   *See Brooks, supra*.   To the extent Appellant also argues that Appellee and Mr. Whitmoyer waived the issue of personal jurisdiction, we emphasize that a judgment may be attacked for lack of jurisdiction at any time.   *See Belliveau, supra*.   In light of the applicable standard and scope of review, the court did not commit an error of law.   *See Manufacturers and Traders Trust Co., supra*.   Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021