**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES ALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| APRIL HERR | : | No. 2310 EDA 2020 |

Appeal from the Order Entered October 27, 2020
In the Court of Common Pleas of Chester County Civil Division at No(s):
No. 2019-08956-TT

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 16, 2021**

James Allen ("Plaintiff") appeals from the order dismissing his action pursuant to Pennsylvania Rule of Civil Procedure 1032(b). We vacate and remand.

Plaintiff commenced this action against April Herr ("Defendant") by praecipe to issue a writ of summons on September 4, 2019. He reissued the writ in October 2019. The Sheriff attempted to serve Defendant on October 4, 2019, but was unable to locate her at the address provided. Plaintiff then reissued the writ two more times. The Sheriff again attempted service on December 2, 2019, but was again unable to locate Defendant at the address provided. Plaintiff then reissued the writ 11 more times. He made no further attempts to serve Defendant and did not file a motion for alternate service.

---

[*] Former Justice specially assigned to the Superior Court.

In Chester County, a matter is "presumptively deemed ready for trial twelve (12) months from the date of the initiation of the suit." Chester Cnty. L.R.C.P. 249.3(a). The Rule further provides that immediately after the matter is deemed trial ready it shall "be placed on the trial list of the judge to whom the case is assigned, unless prior thereto an order has been entered deferring the placement on the trial list until a later date." *Id.* The Rule also provides that a party may obtain relief from the automatic listing by filing a request for an administrative conference, specifying that the party will seek a trial deferment. Chester Cnty. L.R.C.P. 249.3(b).

Pursuant to this Rule, in February 2020, the trial court sent a reminder letter to Plaintiff stating trial would be in September 2020 and subsequently placed the matter in the September trial pool list. In October, the case was listed for trial, with notice sent via letter and by email. Plaintiff did not file a motion for an administrative conference and deferment or for a continuance.

At the date set for trial, Plaintiff appeared with counsel. The court noted the writ had been re-issued 14 times, with no attempts of service since December 2019, and asked if counsel was prepared to go to trial. N.T., 10/26/20, at 2. Counsel responded:

> Sure. Judge, there's no Complaint. There's no defendant. I'm always ready to go[] to trial, but the docket clearly indicates that that's impossible. I don't know why the Court summoned me here to try the case when there's no Complaint and no defendant, but I'm here. I'm always ready to go to trial. My case is not.

*Id.* at 2-3. The court then asked why counsel had not effectuated service of the complaint. Counsel responded: "Well, there's this thing that happened, Judge. Maybe it didn't happen in Chester County, but there's this pandemic that closed the world down for several months." *Id.*[1] at 3. Following a heated exchange, the court stated it was dismissing the case. *See id.* at 3-4. The court then issued an order dismissing the action. Order, dated Oct. 27, 2020. The court provided the following reasons:

> Counsel for Plaintiff appeared and confirmed to the Court that his case was not ready for trial. He has never made a request for a trial continuance or for alternative service of the writ. There has been no good faith attempt to effectuate service of the writ since December 12, 2019. Plaintiff was admittedly not ready to proceed to trial when called and would otherwise be subject to a judgment of *non pros* pursuant to Pa.R.C.P. 218(a). However, since there have been no reasonable efforts since December 12, 2019 at service of the writ, Plaintiff deprived the Court of jurisdiction. Therefore, this action is dismissed pursuant to Pa.R.C.P. 1032(b) since it is ready for trial but the Court does not have requisite personal jurisdiction.

---

[1] In March 2020, due to the COVID-19 pandemic, the Pennsylvania Supreme Court declared a judicial emergency and ordered Pennsylvania courts closed to the public as to non-essential functions. Order, dated Mar. 18, 2020. In a supplemental order, the Supreme Court clarified that essential functions included the commencement of a civil action by praecipe for a writ of summons, but that "related procedural rules, including rules regarding service of original process, are suspended." Order, dated Mar. 24, 2020. The Supreme Court ceased the statewide judicial emergency as of June 1, 2020, but permitted president judges to file a declaration of an emergency in their district. Order, dated May 27, 2020. Chester County entered an order stating that "[a]ll functions of the common pleas and magisterial district courts shall be fully restored" as of June 2, 2020, and stating jury trials would begin no sooner than August 3, 2020. Amendment to Administrative Order No. 9-2020, dated May 13, 2020.

*Id.* at 1 n.2. Plaintiff filed a timely notice of appeal.

Plaintiff raises the following issues:

> 1. Did the Court err by applying a local . . . trial readiness rule under the circumstances, to dismiss this action for lack of prosecution, without a hearing or issuing a rule to show cause, or any notice of intent in violation of Pa.R.C.P. 237.1 and Pa.R.C.P. 1037?
>
> 2. Did the Court err by not permitting counsel any latitude to explain the legitimate reasons why the Defendant was not served?

Plaintiff's Br. at 4 (suggested answers omitted).

In his first argument, Plaintiff argues the court erred when it called the matter under a local trial readiness rule even though for the previous six months the courts were operating under pandemic conditions. He contends that for four and a half months courts were operating on a limited basis and the parties and counsel were under stay-at-home orders. Plaintiff notes that under Rules 237.1 and 1037, a matter may be dismissed for lack of prosecution, but only after the plaintiff is provided notice of intent to dismiss and an opportunity to cure. He argues that the court erred in dismissing the case under a local trial readiness rule, without consideration of Rules 237.1 and 1037.

This claim lacks merit. As noted above, Chester County deems cases ready for trial 12 months after initiation of the matter and, unless a deferment is entered on the docket, places the matter on the trial judge's trial pool list. Chester Cnty. L.R.C.P. 249.3(a). The court did not err in applying its local rule to set a trial date, particularly as the Rule allows a party to seek a deferment

of the trial date if the party is not ready. *See* Chester Cnty. L.R.C.P. 249.3. Further, although the court listed the case for trial pursuant to a local trial readiness rule, it did not dismiss the case under that rule. Rather, it dismissed the case under Rule 1032(b) for lack of jurisdiction. Rules 237.1 and 1037 are not implicated when the court dismisses a case under Rule 1032(b).

In his second claim, Plaintiff notes that the court opined in its Rule 1925(a) opinion that it dismissed the case for lack of jurisdiction. Plaintiff agrees that a trial cannot proceed unless a defendant has been served, but argues dismissal is not required in this case. He claims "[t]he trial court [] refused to acknowledge the obvious point that the pandemic in itself had affected counsel's ability to accomplish service," noting a statewide order suspended personal service from March 24, 2020 through May 31, 2020, and that many counties, including Philadelphia, where counsel's office is located, had restrictions even after June 1. Plaintiff's Br. at 16. He asserts that the return of service forms from October and December 2019 indicate the defendant could not be located and that "with COVID restrictions," locating the defendant was a more difficult task "for at least some portion of the time that had elapsed since the matter was filed." *Id.* He argues it was error for the court not to consider the surrounding circumstances before *sua sponte* raising an issue regarding lack of subject matter jurisdiction. *Id.* at 17.

The trial court dismissed the case under Rule 1032(b), which provides:

> (b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an

- 5 -

> indispensable party, the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction or that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.

Pa.R.C.P. 1032(b). The court reasoned that dismissal under this Rule was proper because it lacked personal jurisdiction over the defendant. Order, dated Oct. 27, 2020, at 1 n.2.

We do not agree that Rule 1032(b) applies. Rule 1032(b) deals with situations where the court lacks subject matter jurisdiction or an indispensable party has not been joined. The failure to serve the defendant implicates the court's personal jurisdiction, not its subject matter jurisdiction. *Cintas Corp. v. Lee's Cleaning Serv. Inc.*, 700 A.2d 915, 917-18 (Pa. 1997). Further, although a case cannot proceed without the defendant, that does not make a defendant an "indispensable party," as contemplated by the Rule. We have noted that the failure to join an indispensable party "implicates the trial court's subject matter jurisdiction," and stated that an "indispensable party" includes those whose "rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Belliveau v. Phillips*, 207 A.3d 391, 397 (Pa.Super. 2019) (citation omitted) (alteration in original). This definition does not encompass a defendant. We therefore conclude that, as the court had subject matter jurisdiction, dismissal under Rule 1032(b) was not proper.

The trial court suggests that we may affirm on the alternative basis that the matter "would otherwise be subject to a judgment of *non pros* pursuant to Pa.R.C.P. 218(a)." 1925(a) Op., filed Feb. 9, 2021, at 4 and n.7. Rule

- 6 -

218(a) permits a court to enter a judgment of *non pros* on its own motion "[w]here a case is called for trial, if without satisfactory excuse a plaintiff is not ready[.]"

We decline the trial court's invitation to affirm on this basis. **See** Pa.R.C.P. 218, Note (stating "a judgment of *non pros* is subject to the filing of a petition under Rule 3051 for relief from a judgment of *non pros*"); Pa.R.C.P. 3051 (providing that "[r]elief from a judgment of *non pros* shall be sought by petition").

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2021