J-A17028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH AVIV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHER BENABUE | : | |
| | : | |
| Appellant | : | No. 2005 EDA 2021 |

Appeal from the Order Entered August 27, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160800645

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 7, 2022**

Appellant Asher Benabue appeals from the order granting Appellee Joseph Aviv's motion to enforce the settlement agreement between the parties.  Appellant challenges the validity of the settlement agreement and also argues that he did not receive proper service of Appellee's motion to enforce.  Following our review of the record, we vacate the trial court's order and remand for further proceedings.

We adopt the trial court's summary of the factual and procedural history underlying this matter.  **See** Trial Ct. Op., 3/4/22, at 1-3.  Briefly, we note that on April 21, 2021, Appellee filed a motion to enforce a settlement agreement that had allegedly been reached by the parties in December of 2017.  **Id.** at 1-2.  The trial court subsequently issued a rule to show cause

_____

[*] Retired Senior Judge assigned to the Superior Court.

as to "why said motion to enforce settlement should not be granted as to the issue of enforcing the settlement" and instructed the parties to file responses and/or supplemental briefs by August 13, 2021. *See* Trial Ct. Rule to Show Cause, 6/20/21. Appellee filed a brief with the trial court on July 14, 2021, but Appellant did not file a response. Ultimately, the trial court granted Appellee's unopposed motion on August 26, 2021. *See* Trial Ct. Order, 8/27/21.

On September 21, 2021, Appellant filed a motion for reconsideration in which he alleged that he did not enter into a settlement with Appellee, nor did he receive notice of Appellee's motion to enforce. *See* Mot. For Reconsideration, 9/21/21. However, after Appellant filed his notice of appeal on September 24, 2021, the trial court denied Appellant's motion as moot.

Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement in which he reiterated his claims concerning the lack of an alleged settlement agreement and Appellee's failure to provide notice of the motion to enforce. The trial court issued a Rule 1925(a) opinion conceding that it had erred by granting Appellee's motion to enforce, as the record reflected that Appellant did not receive proper service. Therefore, the trial court requested that we vacate or reverse its order enforcing settlement and remand the case for further proceedings.

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Did the trial court commit an error of law by enforcing an alleged settlement agreement in violation of [Appellant's] due process rights, when there was no evidence that [Appellant] ever authorized the settlement or that [Appellant] even had notice of [Appellee's] motion to enforce settlement?

2. Should the trial court's order dated August 26, 2021 be vacated when the trial court admits that it committed an error of law by not requiring evidence that [Appellant] actually provided noticed of [Appellee's] motion to enforce settlement on [Appellee]?

3. Did the trial court commit an error of law by failing to recognize that the alleged settlement violated the statute of frauds?

Appellant's Brief at 2 (some formatting altered).

Initially, we address Appellant's claim that the trial court erred by granting Appellee's motion to enforce the settlement agreement because Appellee failed to properly serve the motion on Appellant. *Id.* at 11-13.

"Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary." *See Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267 (Pa. Super. 2015) (citation omitted and formatting altered).

Pennsylvania Rule of Civil Procedure 440 sets forth the requirements for service of legal papers other than original process. In relevant part, the rule provides that "[c]opies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action." Pa.R.C.P. 440(a)(1).

It is well settled that "[a] court must have personal jurisdiction over a party to enter a judgment against that party. Absent valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him. Moreover, a judgment may be attacked for lack of jurisdiction at any time." *Belliveau v. Phillips*, 207 A.3d 391, 395 (Pa. Super. 2019) (citations omitted and formatting altered).

Here, as noted previously, the trial court issued a Rule 1925(a) opinion stating that it had erred by granting Appellee's motion to enforce the settlement agreement. *See* Trial Ct. Op. at 2.

Specifically, the trial court explained:

Under Rule 440(a) of both the Pennsylvania Rules of Civil Procedure and Philadelphia's Civil Division Rules, copies of all legal papers other than original process must be served by the filer upon all other parties. This was not done by [Appellee] with respect to the motion to enforce settlement. Under Rule 208.2, a certificate of service must be attached to each motion. [Appellee] made no such attachment. Moreover, under local Rule 440(c), when an opposing party fails to respond to a motion, proof of service must be filed by the moving party before the court can take action. This was not done here either.

The court granted [Appellee's] motion without ensuring that proper notice had been filed. While notice of Judge Anders' Rule to show cause was sent to the parties, thereby purportedly putting [Appellant] on notice of the motion to enforce settlement, this should not excuse or trump [Appellee's] procedural default. This is especially so here, where [Eric Milby, Esq., attorney for Appellant] apparently stopped representing [Appellant] sometime between August 21, 2017 (when he satisfied sanctions levied against him by Judge Lisette Shirdan-Harris for failing to timely file a settlement conference memorandum; [Michael Gessner, Esq., attorney for Appellee] was similarly sanctioned) and [Phillip Berger's, Esq., attorney for Appellant] entry of appearance more than four years later and several weeks after the court granted

the motion to enforce settlement. There is a real possibility that [Appellant] was never notified of the settlement and the motion to enforce settlement.

The court erred by acting prematurely on the motion. The proper decision would have been either to deny the motion without prejudice for lack of proof of service or to hold the motion in abeyance pending proper service. The court asks that its order enforcing settlement be vacated or reversed and the case be remanded for further proceedings.

*Id.* at 2-3 (some formatting altered).

Following our review of the record, we agree with the trial court's conclusion that Appellee failed to properly serve Appellant with the motion to enforce the settlement agreement. *See* Pa.R.C.P. 440(a)(1). Because Appellee did not properly serve Appellant, the trial court did not have jurisdiction to enter judgment. *See Belliveau*, 207 A.3d at 395. Accordingly, we vacate the trial court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/07/2022

- 5 -